| B104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| PLAINTIFFS<br><br>Jacalyn S. Nosek | DEFENDANTS<br><br>Ameriquest Mortgage Company |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Philip M. Stone, Esq.<br>44 Front Street, Ste. 210<br>Worcester, MA 01608<br>Tel. 508.755.7354 | ATTORNEYS (If Known)<br>Ablitt & Caruolo, PC<br>333 North Avenue, 4th Floor<br>Wakefield, MA 01880 |

*(stamp, right margin):* U.S. BANKRUPTCY COURT DISTRICT OF MASS. — 2004 DEC 21 A 9: — FILED IN CLERK'S OFFICE

| PARTY (Check one box only) | ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☒ 3 U.S. NOT A PARTY |
|---|---|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff brings this action to secure redress from unlawful mortgage servicing practices engaged in by Ameriquest Mortgage Company.

Plaintiff alleges violation of (i) the Truth in Lending Act, 15 U.S.C. §§1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, (ii) the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601 et seq. ("RESPA") and HUD implementing Regulation X, 24 CFR Part 3500, et seq. and (iii) Massachusetts General Laws Chapter 93A.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454 To recover money or property

☐ 435 To determine validity, priority, or extent of a lien or other interest in property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☒ 498 Other (specify)
See Cause of Action, above

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ to be determined | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Jacalyn S. Nosek | BANKRUPTCY CASE NO.<br>02-46025-JBR |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Western | NAME OF JUDGE<br>Rosenthal |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☒ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>12/2/2004 | PRINT NAME<br>Philip M. Stone | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
IN CLERK'S OFFICE

2004 DEC -2  A 9: 46

U.S. BANKRUPTCY COURT
DISTRICT OF MASS.

In re:

Jacalyn S. Nosek
          Debtor

Chapter 13
Case No.: 02-46025-JBR

Jacalyn S. Nosek
          Plaintiff
v.
Ameriquest Mortgage Company
          Defendant

Adversary Proceeding No.

### Complaint

## INTRODUCTION

Plaintiff brings this action to secure redress from unlawful mortgage servicing practices

engaged in by Ameriquest Mortgage Company.

Plaintiff alleges violation of (i) the Truth in Lending Act, 15 U.S.C. §§1601 *et seq.*

("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, (ii) the

Real Estate Settlement Procedures Act, 12 U.S.C. §§2601 *et seq.* ("RESPA") and HUD

implementing Regulation X, 24 CFR Part 3500, *et seq.* and (iii) Massachusetts General Laws

Chapter 93A.

## PARTIES

1.     The Plaintiff Jacalyn S. Nosek, ("Nosek") the Debtor in this pending chapter 13 case, is

    an individual who resides at 60 Bolton Road, S. Lancaster, MA 01561 ("the Property").

-1-

2.      The Defendant Ameriquest Mortgage Company ("Ameriquest ") has a mailing address of

1100 Town & Country Road, Suite 200, Orange, CA 92868.  Upon information and

belief, Ameriquest Mortgage Company is a wholly owned subsidiary of Ameriquest

Capital Corporation, a privately held corporation.

## ALLEGATIONS COMMON TO ALL COUNTS

3.      On October 22, 2002, the Debtor filed a petition under Chapter 13 of the United States

Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

4.      Debtor's bankruptcy filing was prompted by an imminent mortgage foreclosure sale by

Ameriquest.

5.      Ameriquest is the holder of a first position mortgage on the Property in the original

amount of $90,000 given by Nosek to Ameriquest on or about November 25, 1997.  A

copy of the Note and Mortgage are attached as **Exhibit 1.**

6.      Upon the filing of the bankruptcy petition, the first post-petition payment due was

tendered directly by debtor's counsel on November 1, 2002 to: ATTN: Darlene,

Buchalter, Nemer, Fields & Younger, 895 Dove Street, Ste. 400, P.O. Box 8129, Newport

Beach, CA  92660.

7.      The Debtor sent the December, 2002 payment due to Ameriquest, which returned the

check to her, thereby manufacturing an on-going late payment situation.

8.      During the pendency of this bankruptcy case Ameriquest retained the Massachusetts law

firm of Ablitt & Caruolo, PC, 333 North Avenue, 4th Floor, Wakefield, MA 01880 as

local counsel.

9.      Ablitt & Caruolo, PC, sought relief from the automatic stay in February, 2003, in order to continue foreclosure activities.

10.     After an exchange of accounting information, the parties entered into a Stipulation, approved by this Court on or about July 9, 2003, wherein the Debtor was obligated to tender monthly payments to cure an agreed-upon post-petition arrears amount.

11.     In an effort to avoid bookkeeping errors made by Ameriquest in the past, it was agreed that payments would be sent directly to the law firm of Ablitt & Caruolo, PC, Ameriquest's agent and attorneys-in-fact.

12.     Debtor tendered payments in the full amount called for by the Stipulation, including a catch-up payment to cure a shortfall occurring during the cure period.

13.     Continuing afterwards, Debtor tendered monthly payments to Ameriquest in an amount that each month exceeded the monthly payment called for under the terms of the adjustable rate mortgage between the parties.

14.     The Debtor wished to complete her bankruptcy case and accelerate the payments called for under her Confirmed Chapter 13 Plan, and so contacted a mortgage broker.

15.     The mortgage broker informed her that as part of the underwriting process, it would be necessary to obtain a post-petition payment history from Ameriquest.

16.     In March, 2004, the Debtor directly contacted the law firm of Ablitt & Caruolo, PC, and requested that a payment history be sent to her.

17.     After several unsuccessful requests to obtain a payment history, Debtor requested that her bankruptcy attorney intercede.

18.   On or about April 15, 2004, Michael Guarino, an employee of Ablitt & Caruolo, PC,

advised that written authorization from the Debtor would be required before a payment

history would be provided.

19.   A release was duly prepared, signed by the Debtor, and faxed to Mr. Guarino on April 26,

2004.

20.   On May 5, 2004, a follow up call was made to Mr. Guarino, who claimed to have no

records in his file, nor any memory of receiving the Release signed by the Debtor.

21.   The Release was faxed again to Mr. Guarino on May 5, 2004.

22.   On May 10, 2004, Mr.  Guarino faxed a 12 month payment history ("the Payment

History"), attached as **Exhibit 2**, to Debtor's counsel.

23.   The Payment History indicates that all payment made by the Debtor were posted by

Ameriquest to a escrow "Suspense Account".

24.   The Payment History fails to properly reflect the dates payments were received by

Ameriquest's agent.

25.   The Payment History fails to distinguish between pre-petitions arrears, which are paid

through Debtor's Chapter 13 Plan, administered by the Standing Chapter 13 Trustee, and

post-petition payments that become due after the filing of Debtor's petition for relief in on

or about October 2, 2002.

26.   The Payment History fails to reflect all payments made by the Debtor from January

through May, 2004. Copies of receipts evidencing the dates and amounts of payments

made by the Debtor are attached as **Exhibit 3**.

-4-

27. The Payment History incorrectly states the amounts due from the Debtor pursuant to the terms of the Variable rate Note. According to letters from Ameriquest, attached as **Exhibit 4,** the monthly payments of principal and interest due should be as follows:

| Effective Date | Amount |
|---|---|
| 07-01-2003 | $700.77 |
| 01-01-2004 | 672.37 |
| 07-01-2004 | 672.37 |

28. Ameriquest failed to apply overpayments made by the debtor to reduce the principal amount due.

29. By failing to properly post the dates on which payments were received, Ameriquest has assessed additional interest, late charges and finance charges against the Debtor.

30. By failing to maintain accurate payment history records, Ameriquest has effectively denied the Debtor an opportunity to re-finance her mortgage on advantageous terms, and to obtain a Discharge in her bankruptcy case.

31. On July 23, 2004, Debtor, by and through her counsel, sent a letter to local counsel for Ameriquest, Brian Hachey, Esq. of the law firm of Ablitt & Caruolo, PC, attached here as **Exhibit 5.** In part, the letter stated:

This is a written demand for relief pursuant to Massachusetts General Laws Chapter 93A, Sections 2, 9 and 11 for payment of damages suffered by Ms. Nosek as a consequence of Ameriquest's unfair and/or deceptive acts or practices. It is also a *Qualified Written Request* under the Real Estate Settlement Procedures Act, 12 USC §2605(e).

Please review the enclosed documents with your client, and get back to me with a proposal that addresses the both the accounting discrepancies, and as well as a means to make Ms. Nosek whole for the financial damages she has incurred as a

result of Ameriquest's improper handling of her account, and the professional fees incurred by her.

32. Ameriquest failed to tender on offer of settlement within the Massachusetts General Laws Chapter 93A, 30-day statutory period.

33. On August 11, 2004, Debtor filed *Debtor's Motion to Determine Amount of Liens.*

34. On or about September 10, 2004, Ameriquest generated a payoff statement, which was provided to Debtor's counsel via fax on September 21, 2004.

35. The September 10, 2004, payoff statement contains numerous material inaccuracies, including, but not limited to, (a) incorrect interest rates, (b) incorrect Foreclosure Fees - the payoff statement asserts that Foreclosure Fees owed are $5,256.50, which is $1,100.00 more than the amount stated on the amended Proof of Claim dated 4/22/2003, *and* adds a separate additional line charge of $1,000 for a "Foreclosure Fee", and (c) incorrect legal fees - the Payoff letter says that Bankruptcy fees are $5,790.90, leading to the inference that Bankruptcy fees incurred during this case are $2,875.

36. Under the terms of the Stipulation resolving a motion for relief brought in February, 2003, by Ameriquest, the attorneys fees were included in the Stipulation amount, and have already been paid by the Debtor.

37. The Payoff letter further claims that $874.10 is owed in late charges, including approximately $390.00 in late charges (an additional approximately 15 months) that have allegedly accrued during the pendency of this case.

38. The payoff letter further states that $3,929.78 is being held in a suspense account, an amount equal to more than five monthly payments.

-6-

39.    On September 7, 2004, the United States Bankruptcy Court, J. Rosenthal, J., Ordered

that Ameriquest file a memo within 15 days "explaining the basis in their documents

and/or in law for their use of so-called "suspense accounts".

40.    Ameriquest failed to comply with the Court's September 7, 2004 Order.

41.    On or about September 23, 2004, Ameriquest filed with the Court a document captioned

"Payment Applications During Bankruptcy", and a document captioned "Payment History

& Reconciliation".

42.    On October 5, 2004, the United States Bankruptcy Court, J. Rosenthal, J., Ordered that

Ameriquest comply with the Court's Order of 9/7/04 no later than 10/21/04.

43.    Ameriquest failed to comply with the Court's Order of October 5, 2004.

44.    On November 2, 2004, the United States Bankruptcy Court, J. Rosenthal, J., issued an

Order which stated that:

AMERIQUEST IS HEREBY SANCTIONED $500.00 FOR FAILURE TO
COMPLY WITH THIS COURT'S ORDERS OF 9/7/04 AND 10/5/04
"CONCERNING THE FILING OF A MEMO WITHIN 15 DAYS EXPLAINING
THE BASIS IN THEIR DOCUMENTS AND/OR IN LAW FOR THE USE OF
SO CALLED "SUSPENSE ACCOUNTS"." IF SAID MEMO IS NOT FILED
WITHIN 7 DAYS, THE COURT WILL CONSIDER FURTHER SANCTIONS.
DEBTOR SHALL FILE AN ADVERSARY PROCEEDING AGAINST
AMERIQUEST CONCERNING THE AMOUNT OF ITS LIENS AND
AMERIQUEST'S APPARENT INABILITY TO PROVIDE AN ACCURATE
ACCOUNTING.

COUNT ONE
(Truth in Lending Act)

45.    Plaintiff repeats the allegations set forth in paragraphs 1 - 44 as if fully set forth herein.

-7-

46. The interest rate on plaintiff's Note and Mortgage is subject to adjustment from time to time.

47. **Exhibit 4** was required and intended to comply with certain disclosure requirements imposed in the case of variable-rate mortgages by TILA and Regulation Z. Specifically, Regulation Z, 12 C.F.R. §§226.20(c), provides:

> (c) Variable-rate adjustments. An adjustment to the interest rate with or without a corresponding adjustment to the payment in a variable-rate transaction subject to section 226.19(b) is an event requiring new disclosures to the consumer. At least once each year during which an interest rate adjustment is implemented without an accompanying payment change, and at least 25, but no more than 120, calendar days before a payment at a new level is due, the following disclosures, as applicable, must be delivered or placed in the mail:
>
> (1)    The current and prior interest rates.
>
> (2)    The index values upon which the current and prior interest rates are based.
>
> (3)    The extent to which the creditor has foregone any increase in the interest rate.
>
> (4)    The contractual effects of the adjustment, including the payment due after the adjustment is made, and a statement of the loan balance.
>
> (5)    The payment, if different from that referred to in paragraph (c)(4) of this section, that would be required to fully amortize the loan at the new interest rate over the remainder of the loan term.

48. The interest rates charged by Ameriquest do not comport with the Terms of the Note, which states in paragraph 4:

> (A) Change Dates
>
> The interest rate I will pay may change on the first day of June 1, 1998, and on that day every six month thereafter.  Each date on which my interest rate could change is called a "Change Date".
>
>
> (B) The Index
>
> Beginning with the first Change Date, my interest rate will be based on an Index. The Index" is the average of interbank offered rates for six-month U.S. dollar

-8-

denominated deposits in the London market ("LIBOR") as published in *The Wall Street Journal*. The most recent index figure available as of the date 45 days before the Change Date is called the "Current Index." ...

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six and Three Fourths percentage point(s) (6.750%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

49.    As a result of Ameriquest's failure to maintain accurate payment history records, the letters attached as **Exhibit 4** do not accurately state the loan balance owed by the Debtor.

50.    The letter dated April 21, 2003, contains an incorrect computation of the interest rate to be charged, effective July 1, 2003. The letter states that the go-forward interest rate will be 8.5%, when it should be no more than 8.125% (the index rate of 1.33438% plus 6.75% equals 8.08438%, rounded to nearest eighth per terms of the Note).

51.    The interest rate for the prior period January 1, 2003 through June 30, 2003 of 9.5000% was also incorrectly computed. The correct interest rate per the Note terms should have been 8.625% (the index rate of 1.82375% plus 6.75% equals 8.57375%, rounded to nearest eighth).

52.    Plaintiff/Debtor expressly reserves the right to challenge the interest rate charged by Ameriquest for prior periods.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Ameriquest for:

a.     Actual damages;

b.     Statutory damages;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems proper.

COUNT TWO

(Qualified Written Request under RESPA)

53.   Plaintiff repeats the allegations set forth in paragraphs 1 - 52 as if fully set forth herein.

54.   Plaintiff's July 23, 2004, communication is a "qualified written request" as defined in 12

U.S.C. §§2605. The Cranston-Gonzales amendment to the Real Estate Settlement

Procedures Act, 12 U.S.C. §§2605(e), provides:

(e) Duty of loan servicer to respond to borrower inquiries.
(1) Notice of receipt of inquiry.
 (A) In general. If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.
 (B) Qualified written request. For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
  (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
  (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.
(2) Action with respect to inquiry. Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written

-10-

request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—

> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower); (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—

>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

(3) Protection of credit rating. During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 603 of the Fair Reporting Act [15 USC §§1681a]).

55.     Ameriquest has not complied with its duties under §§ 2605(e) with respect to plaintiff's

July 23, 2004, letter.

12 U.S.C. §§2605(f) provides:

> (f) Damages and costs. Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

>> (1) Individuals. In the case of any action by an individual, an amount equal to the sum of--

(A) any actual damages to the borrower as a result of the failure; and

(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $ 1,000. . . .

(3) Costs. In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances. . . .

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Ameriquest for:

a.      Actual damages;

b.      Statutory damages;

c.      Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems proper.

## COUNT THREE
### (MGL c. 93A, §§2 and 9)

56.   Plaintiff repeats the allegations set forth in paragraphs 1 - 55 as if fully set forth herein.

57.   The Defendant is engaged in trade or commerce within the meaning of M.G.L. c.93A §§ 9 and 11.

58.   The Defendant's actions as described in this claim constitute unfair and deceptive acts or practices declared unlawful under M.G.L. c.93A §2.

59.   The Defendant's violation of M.G.L. c.93A §2 is a willful and knowing violation of such statute.

60.   Nosek has suffered loss of money as the result of the Defendant's violation of M.G.L. c.93A.

61.   The Defendant is liable to Nosek for all damages and attorneys' fees incurred by Nosek in connection with the Defendants' violation of M.G.L. c.93A.

62.   The Defendant is liable to Nosek for up to three, but not less than two times all damages suffered by Nosek in connection with the Defendant's violation of M.G.L. c.93A, together with attorneys' fees and costs.

63.   As a result of the unfair and deceptive business acts of the Defendant, Nosek has been severely damaged.

WHEREFORE, Jacalyn S. Nosek demands that this Court enter judgement on her behalf and against the Defendant, in the amount of triple damages, attorneys' fees, interest and costs.

## COUNT FOUR
### (Unjust Enrichment)

64.   Plaintiff repeats the allegations set forth in paragraphs 1 - 63 as if fully set forth herein.

65.   By its actions the Defendant has been unjustly enriched.

WHEREFORE, Nosek demands:

(a)   That a determination of the damages suffered by Nosek be made;

(b)   That Judgment enter for Nosek in that amount, plus interest, costs and attorneys fees;

(c)   That the Court order such other relief as it deems just and proper.

-13-

## COUNT FIVE
### (Breach of Implied Covenant of
### Good Faith and Fair Dealing)

66. Plaintiff repeats the allegations set forth in paragraphs 1 - 65 as if fully set forth herein.

67. By its actions, the Defendant has failed to act in good faith or act fairly in its dealings with the plaintiff.

WHEREFORE, Nosek demands:

(a) That a determination of the damages suffered by Nosek be made;

(b) That Judgment enter for Nosek in that amount, plus interest, costs and attorneys fees;

(c) That the Court order such other relief as it deems just and proper.

## COUNT SIX
### ( Infliction of Emotional Distress)

68. Plaintiff repeats the allegations set forth in paragraphs 1 - 67 as if fully set forth herein.

69. The actions of the agents and/or employees of Ameriquest were done with the intent to inflict emotional distress.

70. The agents and/or employees of Ameriquest jointly and severally knew or should have known that emotional distress was the likely result of their conduct.

71. The conduct engaged in by the agents and/or employees of Ameriquest was extreme and outrageous beyond all possible bounds of decency and utterly intolerable in a civilized community.

-14-

72.  The emotional distress sustained by the Plaintiff is severe and of a nature that no reasonable person may be expected to endure it.

73.  As a consequence of the acts committed by Ameriquest's agents and/or employees the Plaintiff is under the care of a psychotherapist and a psychiatrist.  She is taking numerous prescribed medications, and is continuing in treatment to this day.

WHEREFORE, Nosek demands:

(a)  That a determination of the damages suffered by Nosek be made;

(b)  That Judgment enter for Nosek in that amount, plus interest, costs and attorneys fees;

(c)  That the Court order such other relief as it deems just and proper.

COUNT SEVEN
(Lost Income)

74.  Plaintiff repeats the allegations set forth in paragraphs 1 - 73 as if fully set forth herein.

75.  As a consequence of the acts committed by Ameriquest's agents and/or employees the Plaintiff is unable to function at the same level of competency she enjoyed prior to entering into the borrowing relationship with Ameriquest.

76.  As a consequence of the acts committed by Ameriquest's agents and/or employees the Plaintiff has experienced a significant decline in her self-employment income.

WHEREFORE, Nosek demands:

(a)  That a determination of the damages suffered by Nosek be made;

(b)     That Judgment enter for Nosek in that amount, plus interest, costs and

attorneys fees;

(c)     That the Court order such other relief as it deems just and proper.

Jacalyn S. Nosek
by her attorney,

Philip M. Stone, BBO # 544139
44 Front Street
Worcester, MA  01608
Tel. (508) 755-7354

Dated:  December 2, 2004



BOOK 19404 PAGE 164

When recorded, mail to:

AMERIQUEST MORTGAGE COMPANY
P.O. BOX 11507
SANTA ANA, CA  92711

LOAN NO. 4219515-5610

134662

BOL

97 DEC -3  AM 10:38

[Space Above This Line For Recording Data]

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on     November    25 ,  1997     . The mortgagor is
    JACALYN S NOSEK

("Borrower"). This Security Instrument is given to
        AMERIQUEST MORTGAGE COMPANY

which is organized and existing under the laws of    the State of Delaware                , and whose
address is    1100 TOWN & COUNTRY RD., STE. 200
        ORANGE, CA  92868                ("Lender"). Borrower owes Lender the principal sum of
    Ninety Thousand and no/100
                                Dollars (U.S. $        90,000.00    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on    December  1 ,  2027
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power
of sale, the following described property located in        WORCESTER            County, Massachusetts:
    LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of   60  BOLTON RD            SOUTH LANCASTER    [Street, City],
Massachusetts     01561            [Zip Code]  ("Property Address");

MASSACHUSETTS-Single Family-FNMA/FHLMC
        UNIFORM INSTRUMENT  Form 3022  9/90
-6H(MA) (9605) 01                Amended 12/93
VMP MORTGAGE FORMS - (800)521-7291
TOMA1 (REV 347)/13
Page 1 of 8                Initials

404 PAGE 169

notice of sale, and the Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. Release.   Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument to Borrower.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

23. Waivers. Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

24. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)]

[X] Adjustable Rate Rider    [ ] Condominium Rider          [ ] 1-4 Family Rider
[ ] Graduated Payment Rider  [ ] Planned Unit Development Rider  [ ] Biweekly Payment Rider
[ ] Balloon Rider            [ ] Rate Improvement Rider     [ ] Second Home Rider
[ ] V.A. Rider               [ ] Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____  _____ (Seal)
                                  JACALYN S NOSEK         -Borrower

_____  _____ (Seal)
                                                          -Borrower

_____  _____ (Seal)
                          (Seal)                          -Borrower
                        -Borrower

COMMONWEALTH OF MASSACHUSETTS,                    County ss:  Worcester

On this  25TH  day of  November , 1997 , before me personally appeared
      Jacalyn S. Nosek                                          , to me
known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

My Commission Expires:

9/24/2004
                                  Robert Cranston Jr.
                                  Notary Public

MAY-10-2004 MON 03:10 PM Ablitt & Caruolo,PC.          FAX NO. 7812468994          P. 02

Page 1 of 2

☎ ⊟ **Current Loan Number (F-J-CONV):** 0004219515/LBB          **MICHAEL GUARINO (GOSSELIN)**

**Borrower:** NOSEK, S JACALYN          **Servicer:** Ameriquest Mortgage Company (LBB)
**Address:** 60 BOLTON RD
          SOUTH LANCASTER, MA 01561          **Attorney File #:**
                                             **LenStar #:** LBB035177A
                                             **Investor #:** 0004219515



**File History Detail...**

[ Back ]   [ Word Wrap On ]

EXHIBIT
1

**Sent:** 5/10/2004 2:59:38 PM
**From:** JASON SYNDERGAARD
**Read:** 5/10/2004 3:01:16 PM
**Read By:** MICHAEL GUARINO
**Topic:** 12 month payment history
**Message:**

```
SER1 0004219515                    CUSTOMER SERVICE INV 789/001  05/07/04  14:46:05
JACALYN S NOSEK                    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 OC TYPE CONV. RES.      ARM    MAN B
                                   000-000-0000      IR 10.50000 BR B0    978-365-4466
60 BOLTON RD                       SOUTH LANCASTER M. 01561             B 978-365-9537
     DEMA      DEMAND REQUEST RECEIVED WITH AUTHORIZATION              : 04/06/04
-----RPMT-----------------* END OF LOAN HISTORY *-----------------(MORE)
PROC-DT  DUE-DT  TRAN TRAN-DESCRIPTION                               TRAN-EFFECTIVE-DATE
     TRAN-AMT  PRINCIPAL  INTEREST  ESCROW   AMOUNT/CD/DESCRIPTION
05-04-04 10-02 173 PAYMENT
     700.00       0.00       0.00     0.00    700.00 - SUSPENSE
02-23-04 10-02 173 PAYMENT
     700.77       0.00       0.00     0.00    700.77   SUSPENSE
02-03-04 10-02 173 PAYMENT
     725.00       0.00       0.00     0.00    725.00   SUSPENSE
12-31-03 09-02 173 PAYMENT
     700.77      58.10     762.86     0.00    120.19 - SUSPENSE
             87,126.25
12-31-03 09-02 173 PAYMENT
     630.25       0.00       0.00     0.00    630.25   SUSPENSE
11-25-03 08-02 173 PAYMENT
     700.77      57.59     763.37     0.00    120.19 - SUSPENSE
             87,184.35
10-20-03 07-02 173 PAYMENT
     700.11      57.09     763.87     0.00    120.85 - SUSPENSE
             87,241.94
09-19-03 06-02 173 PAYMENT
     700.77      47.31     837.07     0.00    183.61 - SUSPENSE
             87,299.03
08-18-03 05-02 173 PAYMENT
     700.11      46.86     837.52     0.00    184.27 - SUSPENSE
             87,346.34
07-25-03 04-02 173 PAYMENT
       0.00      46.42     837.96     0.00
             87,393.20
07-25-03 03-02 173 PAYMENT
   1,542.13      45.98     838.40     0.00    226.63 - SUSPENSE
             87,439.62
06-27-03 03-02 173 PAYMENT
     394.89       0.00       0.00     0.00    394.89   SUSPENSE
06-26-03 02-02 173 PAYMENT
       0.00      45.54     838.84     0.00    884.38 - SUSPENSE
             87,485.60
06-17-03 01-02 173 PAYMENT
       0.00      45.11     839.27     0.00    884.38 - SUSPENSE
             87,531.14
06-10-03 01-02 173 PAYMENT
     164.00       0.00       0.00     0.00    164.00   SUSPENSE
05-27-03 01-02 173 PAYMENT
     100.00       0.00       0.00     0.00    100.00   SUSPENSE
05-27-03 01-02 173 PAYMENT
      50.00       0.00       0.00     0.00     50.00   SUSPENSE
```

File History

```
05-27-03  12-01  173  PAYMENT
    903.36        37.05      912.64        1.00      46.34-  SUSPENSE
                87,576.25
05-27-03  11-01  173  PAYMENT
    900.00        36.68      913.02        1.00      49.70-  SUSPENSE
                87,613.31
04-21-03  11-01  173  PAYMENT
    820.11         0.00       0.00        0.00      820.11  SUSPENSE
    850.00         0.00       0.00        0.00       24.63 1 LATE CHARGE
                                                    825.37  SUSPENSE
03-10-03  10-01  173  PAYMENT
    820.11        36.30      913.40        0.00      129.59- SUSPENSE
                87,649.99
```

(0.140625)
(0)

**OFFICIAL CHECK**

165947



Issued by Integrated Payment Systems Inc., E/zgiew
To Citibank (New York State) Buffalo, N.Y.

DATE 08/07/2003

PAY ▶ $ 700.11

PAY      IN THE SUM OF ******$700DOLLARS and 11CENTS**

Drawer: Workers' Credit Union

**NON NEGOTIABL**

TWO SIGNATURES REQUIRED FOR CHECKS OVER

TO THE      **AMERIQUEST MORTGAGE COMPANY**
ORDER      RE: JACOLYN NOSEK
OF      Loan # 421-9515
      Ch 13 Case No. 02-46025 JBR

CREDIT UNION COPY

AUTHORIZED SIGNATURE



**OFFICIAL CHECK**

385442503



Fleet

Remitter  Jacalyn S Nosek 011446625    Loan #421-9515

JUL 18, 02

Date

80708

PAY    ***1,542*DOLLARS*AND*13*CENTS*

**1,542.13**

TO THE ORDER OF

Drawer: Fleet Bank

**AMERIQUEST MORTGAGE**

NON NEGOTIABLE
OFFICIAL CUSTOMER COPY

Ch 13 # 02-46625 JBR

Issued by Integrated Payment Systems Inc., Englewood, Colorado
Bank One, NA, Denver, Colorado

RETAIN THIS COPY FOR YOUR RECORDS

---

**OFFICIAL CHECK**

**Workers' Credit Union**
Your Financial Resource

**CERTIFICATE OF MAILING**

U.S. POSTAL SERVICE
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:
JACALYN S. NOSEK
60 BOLTON RD
PO BOX 1311
So. LANCASTER MA 015-61-

PAY    IN THE SUM OF *****700DOLLARS AND

**AMERIQUEST MORTGAGE COMPANY**
RE: JACALYN NOSEK

One piece of ordinary mail addressed to
ABLITT & CARUOLO, P.C.
ATTN. Jennifer Haskel
333 North Ave, 4th Floor

TO THE
ORDER
OF    LOAN # 421-9515
Ch 13 Case No. 02-46625 J

WAKEFIELD, MA 01880

orm 3817, Mar. 1989

---

**PERSONAL MONEY ORDER**

353743225

Fleet

Memo  Jacalyn S Nosek

SEP 15, 03

Date

84434

PAY    ***700*DOLLARS*AND*77*CENTS*

**700.77**

TO THE ORDER OF

NON NEGOTIABLE

Ameriquest Mortgage Co
Loan # 421-9515
Ch 13 # 02-46625 JBR

Jacalyn S Nosek
60 Bolton Rd Box 1311
So Lancaster MA
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

RETAIN THIS COPY FOR YOUR RECORDS

FAX TO:

ABLITT &
CARUOLO

ATTENTION!
Jennifer
Haskel

OFFICE #
781-

FAX #
781-

Ameriquest Mort.
payment - Oct. '03
Loan # 421-9515

FROM:
JACALYN S. NOSEK
60 Bolton Rd
So. Lancaster, MA.
01561-1311
home #
978-365-4466

Payment should arrive
10-15-03

Workers'
Credit Union
Your Financial Resource

OFFICIAL CHECK

PAY
TO THE
ORDER
OF

IN THE SUM OF ******$700DOLLARS and 11CENTS**

RE: JACALYN S. NOSEK   OCT. PAYMENT

****AMERIQUEST MORTGAGE CO.*****

Loan # 421-9515
Ch 13 Case # 02-46005-J3R

DATE   10/11/2003

Issued by Integrated Payment Systems Inc., Englewood, Colorado
To Check: Amex (New York State) Buffalo, N.Y.
16-946220

PAY ▶ $ 700.11

165947331

Drawer: Workers' Credit Union
TWO SIGNATURES REQUIRED FOR CHECKS OVER $2500.00

NON
NEGOTIABLE

CREDIT UNION COPY
AUTHORIZED SIGNATURE



PERSONAL
MONEY ORDER

Fleet

Memo  Loan # 421-9515

Ch13 case #
05-46035-JBR                Nov 12, 03

NOTE: THE PURCHASER OF THIS MONEY ORDER AGREES TO INSERT IN THE THE
PAYEES NAME AND ADDRESS AND ASSUMED ALL RESPONSIBILITY FOR ALL
EVENTS MADE POSSIBLE BY FAILURE TO DO SO.

PAY

$**700**DOLLARS**AND**77**CENTS**

TO THE ORDER OF

AMERIQUEST MORTGAGE

Loan # 421 9515

NON NEGOTIABLE

600 CUSTOMER CORP 1311

So LANCASTER MA
01561 1311

RETAIN THIS COPY FOR YOUR RECORDS

**OFFICIAL CHECK**

732206559

⊙ **Fleet**

Remitter: KENNETH ROSEE

DEC 19, 03
Date

$****700.77
PAY

****700*DOLLARS*AND**77*CENTS*

TO THE ORDER OF

Drawer: Fleet Bank

*AMERIQUEST MORTGAGE CO.*****
*****************************
****************************

**NON NEGOTIABLE**
CUSTOMER COPY

SIGNATURE

Issued By Integrated Payment Systems Inc. Englewood, Colorado
Bank One, NA, Denver, Colorado

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ATTEN: Jennifer Haskel
ALBITI & Carrolo, P.C.
333 North Ave, 4th Floor
Wakefield, MA 01880

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                    ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery
                                   11/06
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7002 0460 0001 9699 6120

PS Form 3811, August 2001         Domestic Return Receipt          102595-02-M-

---

12-03
mort
700.77

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | UNIT ID: 0583 |
|---|---|---|
| Postage | $ 0.37 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | Clerk: GRRTPO |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 4.42 | 12/19/03 |

To

Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions



**CUSTOMER'S RECEIPT**

UNITED STATES POSTAL SERVICE®

KEEP THIS
RECEIPT FOR
YOUR RECORDS

PAY TO: *Anonymous Mortgage Co*
ADDRESS: *Sent to Jen Haskel*
C.O.D. OR
USED FOR:

SEE BACK OF THIS REC
FOR IMPORTANT CLAIM
INFORMATION

**NOT NEGOTIABLE**

SERIAL NUMBER  0653 1546543    YEAR MONTH DAY    ISS. OFFICE    AMOUNT

---

UNITED STATES POSTAL SERVICE



***** WELCOME TO *****
SOUTH LANCASTER MPO
SOUTH LANCASTER, MA  01561-9998
02/13/04  04:10PM

Store  USPS            Trans    123
Wkstn  sys5003         Cashier  KHMDRX
Cashier's Name         LINDA
Stock Unit Id          WINLINDA
PO Phone Number        1-800-ASK-US
USPS #                 2445930561

1. POS ONE Dom MO                700.77
   money order fee                 1.25
   MO # 06531546543

Subtotal                         702.02
Total                            702.02

Cash                             702.02

Number of Items Sold: 1

Thank You
Please come again!

---

UNITED STATES POSTAL SERVICE



***** WELCOME TO *****
SOUTH LANCASTER MPO
SOUTH LANCASTER, MA  01561-9998
02/13/04  04:11PM

Store  USPS            Trans    124
Wkstn  sys5003         Cashier  KHMDRX
Cashier's Name         LINDA
Stock Unit Id          WINLINDA
PO Phone Number        1-800-ASK-US
USPS #                 2445930561

1. First Class                     4.05
   Destination:     01880
   Weight:          0.20oz
   Postage Type:    PVI
   Affix. Post.:    -0.37
   Total Cost:      4.42
   Base Rate:       0.37
          SERVICES
   Certified Mail                  2.30
      70033110000259742327
   Return Receipt                  1.75
2. 37c Stamped Env                 0.45

Subtotal                           4.50
Total                              4.50

Cash                              10.00
Change Due
Cash                               5.50

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to
USPS.com/clicknship to print shipping
labels with postage.  For other
information call 1-800-ASK-USPS.

Number of Items Sold: 2

Please come again!

---

**U.S. Postal Service**
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

WAKEFIELD, MA 01880

| | | UNIT ID: 0561 |
|---|---|---|
| Postage | $  0.37 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KHMDRX |
| Total Postage & Fees | $   4.42 | 02/13/04 |

Sent To  *Jennifer Haskel*
         *ABLITT & CORUOLO, PC.*
Street, Apt. No.;
or PO Box No.  *333 North Ave, 4th Floor*
City, State, ZIP+4  *WAKEFIELD, MA 01880*

PS Form 3800, June 2002        See Reverse for Instructions

7003 3110 0002 5974 2327



**UNITED STATES POSTAL SERVICE**

```
***** WELCOME TO *****
     SOUTH LANCASTER MPO
 SOUTH LANCASTER, MA  01561-9998
      03/17/04  09:25AM

Store  USPS         Trans    7
Wkstn  sys5003      Cashier  KQTT5M
Cashier's Name      JAMES
Stock Unit Id       WINJIM
PO Phone Number     1-800-ASK-US
USPS #              2445930561

 1. First Class                    4.42
    Destination:  01880
    Weight:       0.30oz
    Postage Type: PVI
    Total Cost:   4.42
    Base Rate:    0.37
           SERVICES
    Certified Mail           2.30
      /0032260000010260586
    Return Receipt           1.75

    Subtotal                       4.42
    Total                          4.42


    Cash                           5.00
    Change Due
    Cash                           0.58


Number of Items Sold: 1

          Thank You
     Please come again!
```



**UNITED STATES POSTAL SERVICE**

```
***** WELCOME TO *****
     SOUTH LANCASTER MPO
 SOUTH LANCASTER, MA  01561-9998
      03/16/04  03:42PM

Store  USPS         Trans    102
Wkstn  sys5003      Cashier  KQTT5M
Cashier's Name      JAMES
Stock Unit Id       WINJIM
PO Phone Number     1-800-ASK-US
USPS #              2445930561

 1. POS ONE Dom MO             700.22
    money order fee              1.25
    MO # 06531550165

    Subtotal                   701.47
    Total                      701.47


    Cash                       710.00
    Change Due
    Cash                         8.53


Number of Items Sold: 1

          Thank You
     Please come again!
```





**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com℠

**OFFICIAL USE**

WAKEFIELD MA 01880

| | | |
|---|---|---|
| Postage | $ 0.37 | UNIT ID: 0561 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KQTT5M |
| Total Postage & Fees | $ 4.42 | 03/17/04 |

Sent To *Sennie & Hassel, P.C*
Street, Apt. No. *ABATTY CARUOLO, P.L*
or PO Box No. *333 Worth Ave. 4th Floor*
City, State, ZIP+4 *WAKEFIELD MA 01880*

7003 2260 0000 1026 0586

PS Form 3800, June 2002              See Reverse for Instructions



**CUSTOMER'S RECEIPT**

KEEP THIS RECEIPT FOR YOUR RECORDS

PAY TO: Ameriquest Mortgage Co.
ADDRESS: Loan # 921-8515
C.O.D. OR USED FOR: ChB.A#02-76025 = 70x

2004 04 23   015610   $700.00   002

SERIAL NUMBER 06853391728

NOT NEGOTIABLE



**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | | UNIT ID: 0561 |
|---|---|---|
| Postage | $ 0.37 | |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KHMDRX |
| Total Postage & Fees | $ 4.42 | 04/23/04 |

Sent To ABH718Caruolo, PC
Street, Apt No. or PO Box No. 333 North Ave, 4th Floor
City, State, ZIP+4 Wakefield MA 01880



**UNITED STATES POSTAL SERVICE**

***** WELCOME TO *****
SOUTH LANCASTER MPO
SOUTH LANCASTER, MA  01561-9998
04/23/04 03:58PM

Store  USPS        Trans   109
Wkstn  sys5003     Cashier KHMDRX
Cashier's Name     LINDA
Stock Unit Id      WINLINDA
PO Phone Number    1-800-ASK-US
USPS #             2445930561

1. POS ONE Dom MO                700.00
   money order fee                 1.25
   MO # 06853391728                4.42
2. First Class
   Destination:     01880
   Weight:          0.40oz
   Postage Type:    PVI
   Total Cost:      4.42
   Base Rate:       0.37
               SERVICES
   Certified Mail                  2.30
   70040750000060615353
   Return Receipt                  1.75

Subtotal                         705.67
Total                            705.67

Cash                             710.00
Change Due                         4.33
Cash

Number of Items Sold: 2

Thank You
Please come again!

**OFFICIAL CHECK**

459591147

# Workers' Credit Union
### Your Financial Resource

Issued by Integrated Payment Systems Inc., Englewood, Colorado
To Cadaret (New York State) Buffalo, N.Y.                10-867229

DATE   05/14/2004

PAY ▶ $            700.00

IN THE SUM OF *****$700 DOLLARS and 00 CENTS**

****AMERIQUEST MORTGAGE CO.****
RE: JACALYN NOSEK
60 BOLTON RD
S. LANCASTER MA 01560

PAY
TO THE
ORDER
OF

**NON NEGOTIABLE**
TWO SIGNATURES REQUIRED FOR CHECKS OVER $25000.00

Drawer: Workers' Credit Union

AUTHORIZED SIGNATURE

---

**COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

ABLITT & CARUOLO, PC
To Jennifer Haskel
333 North Ave 4th Floor
WAKEFIELD, MA
01880

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Michael Gaviso           5/17/04
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)   7004 0750 0000 6064 5510

PS Form 3811, February 2004       Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

WAKEFIELD, MA 01880

| | | |
|---|---|---|
| Postage | $ | 0.37 |

UNIT ID: 0561

| Certified Fee | 2.30 |
|---|---|
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $  4.42 |

Postmark
Here

Clerk: KYNWZF

05/14/04
To Jennifer

Sent To
ABLITT & CARUOLO, PC  Haskel
Street, Apt. No.;
or PO Box No. 333 North Ave, 4th Floor
City, State, ZIP+4
WAKEFIELD, MA 01880

7004 0750 0000 6064 5510

PS Form 3800, June 2002         See Reverse for Instructions

---



**UNITED STATES POSTAL SERVICE**

***** WELCOME TO *****
SOUTH LANCASTER MPO
SOUTH LANCASTER, MA  01561-9998
05/14/04 03:01PM

Store  USPS        Trans   72
Wkstn  sys5003     Cashier KYNWZF
Cashier's Name     SALLY
Stock Unit Id      WINSALLY
PO Phone Number    1-800-ASK-US
USPS #             2445930561

1. First Class                        4.42
   Destination:    01880
   Weight:         0.40oz
   Postage Type:   PVI
   Total Cost:     4.42
   Base Rate:      0.37
        SERVICES
   Certified Mail               2.30
   7004075000060645510
   Return Receipt               1.75

Subtotal                              4.42
Total                                 4.42

Cash                                 20.00
Change Due
Cash                                 15.58

Number of Items Sold: 1

        Thank You
   Please come again!

.iquest Mortgage Company
.O. Box 11000
Santa Ana, CA 92711-1000




AMERIQUEST®
MORTGAGE
C O M P A N Y

April 21, 2003

Jacalyn S Nosek
60 Bolton Rd
South Lancaster,   MA 01561


Re:  Loan Number 0004219515
     Property Address:  60 Bolton Rd
                        South Lancaster MA 01561

                 ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 8.50000%, which is based on an index
value of 1.33438. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 86,512.38, your
new principal and interest amount will be $ 700.77. Your first
payment at the new amount will be due on 07-01-03.

The interest rate in effect immediately prior to this change is
 9.50000%, which is based on an index value of 1.82375.


NEW INTEREST RATE AND PAYMENT:

Interest Rate                        8.50000%
Principal & Interest      $           700.77
TOTAL PAYMENT             $           700.77

Effective Date of New Payment        07-01-03

If you have any questions, please call our Customer Service
Department at (800) 430-5262. Our office hours are 7:00 a.m. to
6:00 p.m. Pacific Standard Time.

                        Ltr. No. AR002/015/CPI

Ameriquest Mortgage Company
P.O. Box 11000
Santa Ana, CA 92711-1000

 **AMERIQUEST**
MORTGAGE COMPANY

October 20, 2003

Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561

Re: Loan Number 0004219515
    Property Address:  60 Bolton Rd
                       South Lancaster MA 01561
    Bankruptcy Case No.: 02-46025

### ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 8.00000%, which is based on an index
value of 1.20625. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 85,975.11, your
new principal and interest amount will be $ 672.37. Your first
payment at the new amount will be due on 01-01-04.

The interest rate in effect immediately prior to this change is
8.50000%, which is based on an index value of 1.33438.

NEW INTEREST RATE AND PAYMENT:

| | | |
|---|---|---|
| Interest Rate | | 8.00000% |
| Principal & Interest | $ | 672.37 |
| TOTAL PAYMENT | $ | 672.37 |
| Effective Date of New Payment | | 01-01-04 |

If you have any questions, please call our Customer Care
Department at (800) 430-5262. Our office hours are 7:00 a.m. to
6:00 p.m. Pacific Standard Time.

Ltr. No. AR002/017/CPI

Ameriquest Mortgage Company
P.O. Box 11000
Santa Ana, CA 92711-1000



April 20, 2004


Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561


Re:  Loan Number 0004219515
     Property Address:  60 Bolton Rd
                        South Lancaster MA 01561
     Bankruptcy Case No.: 02-46025

                    ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 8.00000%, which is based on an index
value of 1.29000. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 85,369.90, your
new principal and interest amount will be $ 672.37. Your first
payment at the new amount will be due on 07-01-04.

The interest rate in effect immediately prior to this change is
8.00000%, which is based on an index value of 1.20625.


NEW INTEREST RATE AND PAYMENT:

Interest Rate                            8.00000%
Principal & Interest        $              672.37
TOTAL PAYMENT               $              672.37

Effective Date of New Payment            07-01-04

For information on your mortgage loan, you can visit
www.myameriquestloan.com. If you have any additional questions or
concerns, please contact our Customer Care Department at (800) 430-5262,
Monday through Friday, 7:00 a.m. to 6:00 p.m., Pacific Time.

AR002/020/CPI

# PHILIP M. STONE

### ATTORNEY AT LAW
### 44 FRONT STREET
### WORCESTER, MASSACHUSETTS 01608-1752

### TELEPHONE (508) 755-7354
### FAX (508) 752-3730
### E-MAIL pstonelaw@rcn.com

RECEIPT
7192 9108 6640 0000-4088

FROM:
Philip M. Stone, Esq.
RE: Nosek v. Ameriquest

SEND TO:
Brian Hachey, Esq.
Ablitt & Caruolo, PC
333 North Avenue, 4th Floor
Wakefield MA 01880

FEES:

July 23, 2004

Brian Hachey, Esq.
Ablitt & Caruolo, PC
333 North Avenue, 4th Floor
Wakefield, MA  01880

**RE:    Jacalyn S. Nosek**
    **Chapter 13 Case No. 02-46025-JBR**
    **Your Client: Ameriquest Mortgage Company.**

Dear Attorney Hachey:

I am writing to you on behalf of my client, Jacalyn S. Nosek, the Debtor in the above referenced bankruptcy case.  In March, 2004, Ms. Nosek directly contacted the law firm of Ablitt & Caruolo, PC, and requested that a payment history for the past twelve months be sent to her.

After several unsuccessful requests to obtain a payment history, she asked me to intercede.

On or about April 15, 2004, Michael Guarino, an employee of Ablitt & Caruolo, PC, advised my assistant, Hope Johnson,  that written authorization from Ms. Nosek would be required before a payment history would be provided.

A release was duly prepared, signed by Ms. Nosek, and faxed to Mr. Guarino on April 26, 2004.

On May 5, 2004, a follow up call was made to Mr. Guarino by Ms.  Johnson.  Mr. Guarino claimed to have no records in his file, nor any memory of receiving the Release signed by Ms. Nosek.

The Release was faxed again to Mr. Guarino on May 5, 2004.

On May 10, 2004, Mr.  Guarino faxed a 12 month payment history ("the Payment History"), to me.

The Payment History indicates that all payment made by Ms. Nosek were posted by

Exhibit 5

Brian Hachey, Esq.
Ablitt & Caruolo, PC
Page Two
July 23, 2004

Ameriquest to a escrow "Suspense Account".

The Payment History fails to properly reflect the dates payments were received by your law firm. In fact, it was agreed between Jennifer G. Haskell of your office and me that payments were to be sent directly to Ablitt & Caruolo, PC because of the accounting problems Ms. Nosek had experienced in the past with Ameriquest.

The Payment History fails to reflect all payments made by Ms. Nosek from January through May, 2004. Copies of receipts evidencing the dates and amounts of payments made by Ms. Nosek are attached

The Payment History incorrectly states the amounts due from Ms. Nosek pursuant to the terms of the Variable rate Note. According to letters from Ameriquest, also attached, the monthly payments of principal and interest due should be as follows:

| Effective Date | Amount |
|----------------|--------|
| 07-01-2003 | $700.77 |
| 01-01-2004 | 672.37 |
| 07-01-2004 | 672.37 |

Ameriquest failed to apply overpayments made by Ms. Nosek to reduce the principal amount due.

By failing to properly post the dates on which payments were received, Ameriquest has assessed additional interest and finance charges against Ms. Nosek.

By failing to maintain accurate payment history records, Ameriquest has effectively denied Ms. Nosek an opportunity to re-finance her mortgage on advantageous terms, and to obtain a Discharge in her bankruptcy case.

I have been instructed by my client to move as quickly as possible to resolve this. To that end, I have prepared a complaint alleging violations by Ameriquest of various state and Federal statutes, including the Truth in Lending Act, 15 U.S.C. §§1601 *et seq.* ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, (ii) the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601 *et seq.* ("RESPA") and HUD implementing Regulation X, 24 CFR Part 3500, *et seq.* and (iii) Massachusetts General Laws Chapter 93A. I will defer filing that complaint so as to give your client the opportunity to comply with their statutory obligations.

Brian Hachey, Esq.
Ablitt & Caruolo, PC
Page Three
July 23, 2004

This is a written demand for relief pursuant to Massachusetts General Laws Chapter 93A, Sections 2, 9 and 11 for payment of damages suffered by Ms. Nosek as a consequence of Ameriquest's unfair and/or deceptive acts or practices. It is also a *Qualified Written Request* under the Real Estate Settlement Procedures Act, 12 USC §2605(e).

Please review the enclosed documents with your client, and get back to me with a proposal that addresses the both the accounting discrepancies, and as well as a means to make Ms. Nosek whole for the financial damages she has incurred as a result of Ameriquest's improper handling of her account, and the professional fees incurred by her.

Very truly yours,


Philip M. Stone


PMS/hs
enc.
cc: Client