UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

Jacalyn S. Nosek
      Debtor

Chapter 13
Case No.: 02-46025-JBR

Jacalyn S. Nosek
      Plaintiff
v.
Ameriquest Mortgage Company
      Defendant

Adversary Proceeding No. 04-04517

**Affidavit of Jacalyn S. Nosek in Support of Debtor's Motion for Partial Summary Judgment, or in the alternate for Judgment on the Pleadings, on the Issue of Liability Only**

I, Jacalyn S. Nosek, being duly sworn and under oath do hereby depose and say as follows:

1. Attached to this Affidavit is an analysis I have prepared concerning my mortgage loan account with Ameriquest Mortgage Company.

2. In preparing this analysis I reviewed (a) my own financial records, including receipts of payments I made, (b) the five page account summary that was prepared by Judi R. Johnston, an employee of Ameriquest Mortgage Company and marked as an Exhibit at the deposition taken of her by my attorney, Philip M. Stone, and (c) the transcript of the deposition taken of her.

3. I also reviewed copies of correspondence from attorneys Haskell and Amann of the law firm of Ablitt & Caruolo, the Adjustable Loan Notifications I received from Ameriquest,

the Lenstar notes obtained by attorney Stone, and the Payment History and Reconciliations which are attached hereto.

4. The attached analysis sets forth in detail the accounting errors made by Ameriquest with respect to my mortgage loan account with Ameriquest Mortgage Company.

Signed under the pains and penalties of perjury.

Jacalyn S. Nosek

DATED:   September 12, 2005

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                                                                      September 12, 2005

On this 12th day of September, 2005 before me, the undersigned notary public, personally appeared Jacalyn S. Nosek proved to me through satisfactory evidence of identification, which was a Massachusetts drivers license, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its stated purpose.

Notary Public
My commission expires: March 22, 2005



PHILIP M. STONE
NOTARY PUBLIC
Commonwealth Of Massachusetts
My Commission Expires
March 22, 2007

Jacalyn S. Nosek

## ANALYSIS OF AMERIQUEST'S ACCOUNTING ACTIONS

**BANKRUPTCY COURT COSTS**

| | | | |
|---|---|---|---|
| 8-10-01 | $ 50.00 | 9-20-01 | $ 100.00 |
| 3-15-03 | $ 110.00 | 5-29-02 | $ 155.00 |
| 5-29-02 | $ 100.00 | 7-15-02 | $ 50.00 |
| 10-23-02 | $ 110.00 | 3-04-03 | $ 100.00 |
| 3-21-03 | $ 155.00 | 4-24-03 | $ 50.00 |
| 5-19-03 | $ 14.00 | 12-11-03 | $ 40.00 |

Total:    $1,034.00

**BANKRUPTCY FEES**

| | | | |
|---|---|---|---|
| 7-16-01 | $ 350.00 | 9-20-01 | $ 250.00 |
| 3-15-02 | $ 350.00 | 5-23-02 | $ 750.00 |
| 5-29-02 | $ 500.00 | 7-15-02 | $ 150.00 |
| 10-23-02 | $ 350.00 | 3-04-03 | $ 500.00 |
| 3-21-03 | $ 750.00 | 4-15-03 | $ 300.00 |
| 4-24-03 | $ 150.00 | 5-09-03 | $ 300.00 |
| 5-19-03 | $ 50.00 | 7-16-03 | $ 75.00 |
| 11-26-03 | $ 75.00 | 12-11-03 | $ 175.00 |

Total:    $ 5,075.00

**FORECLOSURE COSTS**

| | | | |
|---|---|---|---|
| 6-20-01 | $ 963.50 | 3-14-02 | $ 1,418.00 |
| 10-29-02 | $ 735.00 | 12-6-02 | $ 180.00 |
| 2-13-03 | $ 180.00 | | |

Total:    $3,476.50
         ($1,095.00) listed as "nonrecoverable corp advance"
Net Total    $2,381.50

**FORECLOSURE FEES**

| | | | |
|---|---|---|---|
| 6-20-01 | $ 1,000.00 | 3-14-02 | $ 600.00 |
| 7-12-02 | $ 180.00 | | |

Total:  $ 1,780.00

**STIPULATION 5-6-04 PAYMENTS**      **PAYMENTS TAKEN FOR BANKRUPTCY FEES**

| | | | |
|---|---|---|---|
| 6-27-03 | $394.89 | 8-23-04 | $318.10 |
| 12-31-03 | $630.25 | 10-26-04 | $856.90 |
| Total | $1025.14 | Total | $1175.00 – APO is paid in full with this action. |

The Stipulation from May 2003 where AMC said I was in arrears by the sum of $1,569.89 was incorrect. Their numbers are based on returning the Dec 2002 payment, misapplying the money tendered in court (see I.A. below), and generally using an accounting system that is completely inadequate to manage pre and post petition payments.

| | | | | | |
|---|---|---|---|---|---|
| Due | 11-1-02 | $820.96 | Paid | 11-01-02 | $820.96 |
| | 12-1-02 | $820.96 | | 12-03-02 | $820.11 |
| | 1-1-03 | $759.67 | | 1-31-03 | $850.00 |
| | 2-1-03 | $759.67 | | 4-07-03 | $820.11 |

Jacalyn S. Nosek

| Due | 3-1-03 | $759.67 | Paid | 5-06-03 | $900.00 |
|---|---|---|---|---|---|
|  | 4-1-03 | $759.67 |  |  | $903.36 |
|  | 5-1-03 | $759.67 |  |  | $ 50.00 |
|  |  |  |  |  | $100.00 |
|  |  |  |  |  | $164.00 |
|  | Total Due | $5,440.27 | Total Paid |  | $5,428.54 |

The arrears as of May 6, 2003 were in fact only -$11.73 not $394.89 as AMC stated. Thus, the $394.89 that was paid in June 2003 covered the - $11.73 with $383.16 available to be applied to the legal fees of $1,175.00. With the December payment of $630.25 for legal fees, the balance at would be $161.59.

AMC took this additional $161.59 from the Suspense Account intended for post-petition mortgage payments. In LENSTAR page 11, 9-21-04, they list the total due for this "APO" as $1,175.00 and correctly state that I have paid $1,013.41 towards the APO additional payments leaving a balance of $161.59.

Jennifer Haskel's letter of 11-21-03 also indicates that $81.69 from the check (…2503) for $1,542.13 dated 7-18-03 was applied toward the stipulated extra payment of $97.92. This is also documented or acknowledged in LENSTAR pg 20. I didn't intend for the money to be dispersed this way. If however, they did then I would have paid $1,095.10 and they would have needed to take only an additional amount of only $79.90 to complete the payments for the $1,175.00 legal fees APO.

Judi Johnston in her 5 page summary, page 4, dates of 6-27-03 & 12-31-03, last column incorrectly states:

    6-27-03 $394.89 was credited to post-petition arrears with a balance of $1,175.00.
    12-31-03 $630.25 paid with a balance of $544.75.
    Both of her balances are incorrect because the total amount of arrears due per the APO order is incorrect.

I    AMC applies Post-Petition payments to Pre-Petition arrears. (See LENSTAR pg 16)This practice has created several accounting errors that falsify their record keeping by;
    1.    incorrectly reporting the number of post-petition payments made,
    2.    decreasing the amount of credit to the "suspense" account,
    3.    mingling my post-petition payments with the trustee's pre-petition payments.

A.    Incorrect recording of a number of payments:
    1.    Look at Judi Johnson's payment history, page 3, transaction date – 6/29/02
Their recording lists a payment of $ 3,600. They took this payment and broke it down into three pre-petition payments for 6-1-2001, 7-1-2001, and 8-1-2001, plus they gave me credit $ 133.92 in escrow and $ 550.02 went into the suspense account. They only gave me credit for three post-petition payments when in fact, the payment covered four post-petition payments.
The $3,600 was for four (4) post-petition payments.

    3-1-02    $ 884.38
    4-1-02    $ 884.38
    5-1-02    $ 884.38
    6-1-02    $ 884.38
    Total:    $ 3,537.52 + $ 62.48 towards late fees = $ $3,600.00

    2.    Payments for January 2003 through July 2003 are again inaccurately reflected because they focus on paying the pre-petition payments. This resulted in another recording error, shorting me another post-petition payment and incorrect amounts being credited to the suspense account. I sent enough money for 7

Jacalyn S. Nosek

payments, but they credit me for only 6 payments. See Judi Johnston's document page 4 and Sept. 23, 2004 Payment History & Reconciliation pg 2.

| Date | Amt. Paid | Post-Pet Pymt | Amt Over/(Short) | Pre-Pet Pymt | Amt Over/(Short) |
|---|---|---|---|---|---|
| 1-31-03 | $850.00 | $759.67 | + $90.33 | $949.70 | ($99.30) |
| 4-7-03 | $820.11 | $759.67 | + 60.44 | $949.70 | ($129.59) |
| 5-6-03 | ($900.00 + 903.36 + 50.00 + 100.00 + 164.00= $2117.36) | | | | |
| 2-1-03 | | $759.67 | | | |
| 3-1-03 | | $759.67 | | | |
| 5-1-03 | | $759.67 | | | |
| 6-1-03 | | $759.67 | | | |
| 7-1-03 | | $700.77 | | | |
| 7-18-03 | $1,542.13 | | | | |
| Totals | $5,329.60 | $5,258.79 | +$70.81 | | |

B.  Co-mingle my post-petition payments with the trustee's pre-petition payments. See Judi Johnston's summary page 5. The Feb. '03 payment is made up of $631.06 from my suspense acct. and $125.61 from the trustee's account to make a pre-petition payment of $759.67. Then, the March & April '03 pre-petition payments combined $169.34 from my suspense and $1,350 from the Trustee's suspense account.

C.  Their accounting system never gives a balance for either the suspense acct. or the trustee's suspense account. They must have balances they can see on some computer screen because a "balance" in the "debtor's suspense" is referred to on 2-21-03 in the Lenstar communications, pages 28 & 37.

D.  AMC's summary accounting in LENSTAR notes page 11, dated 9-21-04, is not correct: The APO due should be $149.86 and mortgage payments were down $358.68 not the $1,083.92 they say was due 9-21-04.

E.  They have many periods when money is deposited into one of the suspense accounts and it is not distributed. On 9-14-04 the Trustee sent $1,139.12, but as of 4-18-05 (7 months later!) this money had not been assigned to any pre-petition mortgage payments. The last Trustee payment of $1,881 was deposited 3-16-05 and also still was not credited for a pre-petition payment by 4-18-05. (We don't know if or when it might have been applied since the records we have only go to 4-18-05.)
The trustee sent $6,897.44 between 6-14-04 and 3-16-05, however only $3,877.20 had been dispersed as of 4-18-05. This leaves $3,020.24 that sat in a suspense account for months.
Again, using Ms Johnston summary data, it appears that as of 4-18-05, there was a balance of $2,565.70 in my suspense account a total of $5,585.94. That is $5.585.94 I am paying interest on.

F.  Paid for attorney fees: 6-27-03, $394.89 and 12-31-03, $630.25 for a total of $1025.14. The two payments for the attorney fees were deposited into the suspense account. These funds were not applied until 8-23-04 and 10-26-04 in the amounts of $318.10 and $856.90 respectively, for a total of $1,175. This is $149.86 more than was paid for this purpose. These funds rather than being applied to post-petition payments, were then applied to post-petition bankruptcy fees.

Jacalyn S. Nosek

G. Payment Histories & Reconciliation (PH & R) reports, all generated by Ameriquest employees, differ from one to another. For example, the PH&R sent 9-23-04 records the payment of $1,542.13 received Ameriquest on 7-25-03 was applied to post-petition due dates for May '03 and June '03, but the PH&R sent 11-2-04 applied the same payment to July '03 and August '03. Then Judi Johnston's summary (4-18-05) applies this payment to post-petition due dates of June '03 and July '03.

H. We also received three different payoff figures:
   1. gave a figure of $147,000. This was sent to a mortgage broker in R. I..
   2. gave a figure of about $112,000 and stated that the rate of interest was 10.5% when in fact it was significantly lower at about 8%.
   3. gave a payoff figure about of $109,000 with an interest rate of 9.5%. Once again the actual interest rate was close to 8%.

All of these documents incorrectly stated that I was behind in monthly payments when in fact I was up to date on all the post-petition payments. Their reporting to the credit bureau also incorrectly stated I was behind in my mortgage payments. This lowered my credit score and adversely affected the fixed rate I could get.
Also, see LENSTAR pg 18 for amended POC of $106,533.17 on 5-5-03.

I. Almost always when I sent in a payment that was late I would include money for late fees and sometimes I would send in checks that were rounded off expecting the extra would go toward the principle. AMC never did anything with these funds except to deposit them in the suspense.

J. Late charges were assessed when the payments were made within the grace period, but held up by AMC's local counsel or BNFY or in-house transport. See LENSTAR pg 21; pg 25 whole page – took 21 days to money to the right person; pg 26 bottom of page, pg 33 top of the page, pg 34 check #223 mentioned 3-6-03 posted 3-10-03; on 3-11-03 they state the 12-1-02 post payment has not been made, but they sent this (the second post-payment) back. See also, Ms Johnston's summary pg 5. AMC has agreed to waive **ALL** late fees, see pages 6, 11, & 12 in the LENSTAR notes.

II. BNFY lost money order # 06531550165 for the amount of $700.22 dated 3-15-04 and a personal check # 1079 for $25.00 dated 3-15-04 in their files and finally forwarded these two checks to Ameriquest on 10-28-04. See Lenstar communication page 6, dated 10-28-04 and page 8, dated 10-13 & 15-04. These checks were also recorded as received on **4-1-04, page 17 in LENSTAR**. Also, see Judi Johnston's summary page 5, dated 10-15-04. PH & R – Nov 2, 04 also lists recording the money on 10-15-04, but PH & R – Sept 23, 04 and PH & R – May 10, 04 does not have any record of this payment.

III. Ameriquest use of suspense accounts is not based on any Generally Accepted Accounting Principles (GAAP), but rather a system disability within the mortgage industry." LENSTAR page 9, dated 10-6-04. They also don't even follow their own written policy of applying a payment as soon as the suspense account has reached an amount equal to a payment. See information in I. D.

Jacalyn S. Nosek

IV.  Lying and misrepresenting what would happen with an adjustable mortgage, the AMC loan sales people sold me a "Spruce Goose." The 7.5% rate they gave me at the beginning of the loan was in fact only good for one month. Given the LIBOR INDEX at the time and the 6.75% they would add to the LIBOR, the sum was about 12%. The market would have had to experience a crash greater than 1929's for my rate to have even stayed the same. They absolutely knew that the interest rate on this loan would positively be going up for quite some time. Their loan officers misrepresented and lied about the reality of how this adjustable mortgage would work. Had they told me the truth and explained how this adjustable mortgage rate really worked and that I could end up with payments in excess of $1,000, I NEVER would have gone with a variable rate. I was very nervous about getting the variable rate and I asked questions over and over. I was told that the market was in a downward trend and though they couldn't guarantee the rate wouldn't go up, they believed the rates weren't likely to be going up for a while. In fact, the first two 6-month change periods the LIBOR interest rate decreased, but my payments went up every time. From their explanations, I understood that it was the change in the rates plus the 6.75% that were added together to get the new rate. This was not at all how it really worked. The people I dealt with really pushed this as a good way for me to go.

**AMERIQUEST MORTGAGE COMPANY**

Payment History & Reconciliation

State: MA

| Borrower: | Nosek, Jacalyn | Loan #: | 0004219515 |
| Filing Date: | 10/2/2002 | | |

| Date Received | Check No. | Amount | Post-petition Due Date | Funds Applied to: | Over/Short Pmt |
|---|---|---|---|---|---|
| 11/14/02 | 146 | $820.96 | 1-Nov-02 | Suspense | |
| 3/10/03 | 223 | $820.11 | 1-Dec-02 | Suspense | (0.85) |
| 4/21/03 | 647327330 | $850.00 | 1-Jan-03 | Suspense | 29.04 |
| 4/21/03 | 299192946 | $820.11 | 1-Feb-03 | Suspense | (0.85) |
| 5/27/03 | 165946932 | $900.00 | 1-Mar-03 | Suspense | 79.04 |
| 5/27/03 | 1084952 | $903.36 | 1-Apr-03 | Suspense | 82.40 |
| 5/27/03 | 6674 | $50.00 | 1-May-03 | Suspense | (709.67) |
| 5/24/03 | 7633 | $100.00 | 1-May-03 | Suspense | (659.67) |
| 6/10/03 | 299193156 | $164.00 | 1-May-03 | Suspense | (595.67) |
| 6/27/03 | 226 | $394.89 | 15-Jun-03 | APO PMT | |
| 7/25/03 | 385442503 | $1,542.13 | May03-June03 | Suspense | 22.79 |
| 8/18/03 | 165947461 | $700.11 | 1-Jul-03 | Suspense | (0.66) |
| 9/19/03 | 353743225 | $700.77 | 1-Aug-03 | Suspense | |
| 10/20/03 | 165947837 | $700.11 | 1-Sep-03 | Suspense | (0.66) |
| 11/25/03 | 453108206 | $700.77 | 1-Oct-03 | Suspense | |
| 12/31/03 | 453108284 | $630.25 | 15-Jul-03 | APO PMT | |
| 12/31/03 | 732206559 | $700.77 | 1-Nov-03 | Suspense | |
| 2/3/04 | 453108382 | $725.00 | 1-Dec-03 | Suspense | (24.23) |
| 2/23/04 | 6531546543 | $700.77 | 1-Jan-04 | Suspense | 28.40 |
| 5/4/04 | 6853391728 | $700.00 | 1-Feb-04 | Suspense | 27.63 |
| 6/8/04 | 459491147 | $700.00 | 1-Mar-04 | Suspense | 27.63 |
| 7/15/04 | 6853647543 | $673.00 | 1-Apr-04 | Suspense | 0.63 |
| 8/24/04 | 765203649 | $1,400.00 | May04-June04 | Suspense | 55.26 |
| **TOTALS** | | **$16,397.11** | | | |

e: Total amount received which is reflected above includes the additional payments made per the Adequate Protection Order.*

**EXHIBIT 11**

9/23/2004

# EXHIBIT 12

## PAYMENT HISTORY AND ACCOUNT RECONCILIATION

Nosek, Jacalyn
Loan No. 0004219515

| DATE REC'D | CK No. | AMT | MTG AMT | LC | DUE DATE | DIFFERENCE |
|---|---|---|---|---|---|---|
| 6-27-03 | 226 | 394.89 | 759.67 | 0.00 | 6-01-03 | 0.00 |
| 7-25-03 | 385442503 | 1542.13 | 700.77 | 22.79 | 8-01-03 | 97.49 |
|  |  |  |  | 20.31 |  |  |
| 8-18-03 | 165947461 | 700.11 | 700.77 | 20.31 | 9-01-03 | 76.52 |
| 9-19-03 | 3537423225 | 700.77 | 700.77 | 20.31 | 10-01-03 | 56.21 |
| 10-20-03 | 165947837 | 700.11 | 700.77 | 20.31 | 11-01-03 | 35.24 |
| 11-25-03 | 453108206 | 700.77 | 700.77 | 20.31 | 12-01-03 | 14.93 |
| 12-31-03 | 453108284 | 630.25 | 1175.00 | APO/STIP PYMT |  | (544.75)** |
| 12-31-03 | 732206559 | 700.77 | 700.77 | 20.31 | 1-01-04 | (5.38) |
| 2-3-04 | 453108382 | 725.00 | 672.37 | 20.17 | 2-01-04 | 27.08 |
| 2-23-04 | 6531546543 | 700.77 | 672.37 | 20.17 | 3-01-04 | 35.31 |
| 5-4-04 | 6853391728 | 700.00 | 672.37 | 20.17 | 4-01-04 | 42.77 |
| 6-8-04 | 459491147 | 700.00 | 672.37 | 20.17 | 5-01-04 | 50.23 |
| 7-15-04 | 6853647543 | 673.00 | 672.37 | 20.17 | 6-01-04 | 30.69 |
| 8-24-04 | 765203649 | 1400.00 | 672.37 | 20.17 | 8-01-04 | 65.78 |
| 10-15-04 | 6531550165 | 725.22 | 672.37 | 20.17 | 9-01-04 | 98.46 |

DUE FOR SEPTEMBER 1, 2004 POST-PETITION REGULAR MORTGAGE PAYMENT
AND $544.75 SHORTAGE ON STIPULATION AGREEMENT.

**See Stipulation to bring account current filed by parties June 2003

FN:   Rate Changes
      June 2003        $759.67
      July 2003        $700.77
      January 2004     $672.37

F:\RMCM CASE FILES\Buchalter\16.0049 - Nosek\PAYMENT HISTORY AND ACCOUNT RECONCILIATION.doc

*[Handwritten note: Phil, I'm on my way to Court now. Let's talk before the hearing. Thanks. Bill Amann]*

MAY-10-2004 MON 03:10 PM Ablitt & Caruolo, PC.  FAX NO. 7812468994  P. 02

Page 1 of 2

☒ ☐ Current Loan Number (F-J-CONV): 0004219515/LBB    MICHAEL GUARINO (GOSSELIN)

Borrower: NOSEK, S JACALYN    Servicer: Ameriquest Mortgage Company (LBB)
Address: 60 BOLTON RD    Attorney File #:
SOUTH LANCASTER, MA 01561    LenStar #: LBB035177A
Investor #: 0004219515

File History Detail...    **EXHIBIT 5**

[Back]  [Word Wrap On]

Sent: 5/10/2004 2:59:38 PM
From: JASON SYNDERGAARD
Read: 5/10/2004 3:01:16 PM
Read By: MICHAEL GUARINO
Topic: 12 month payment history
Message:

```
SER1 0004219515                     CUSTOMER SERVICE  INV 789/001  05/07/04  14:46:05
JACALYN S NOSEK                     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 OC  TYPE CONV. RES.  ARM      MAN D
                                    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       IR 10.50000  BR B0    978-365-4466
60 BOLTON RD         SOUTH LANCASTER M. 01561                      z 978-365-9537
  DEMA         DEMAND REQUEST RECEIVED WITH AUTHORIZATION          : 04/06/04
  -RPMT---------------------* END OF LOAN HISTORY *----------------(MORE)
PROC-DT  DUE-DT  TRAN  TRAN-DESCRIPTION                TRAN-EFFECTIVE-DATE
  TRAN-AMT   PRINCIPAL   INTEREST   ESCR: N   AMOUNT/CD/DESCRIPTION
05-04-04  10-02  173  PAYMENT
   700.00      0.00       0.00      0.00      700.00  SUSPENSE
02-23-04  10-02  173  PAYMENT
   700.77      0.00       0.00      0.00      700.77  SUSPENSE
02-03-04  10-02  173  PAYMENT
   725.00      0.00       0.00      0.00      725.00  SUSPENSE
12-31-03  09-02  173  PAYMENT
   700.77     58.10     762.86      0.00      120.19- SUSPENSE
           87,126.25
12-31-03  09-02  173  PAYMENT
   630.25      0.00       0.00      0.00      630.25  SUSPENSE
11-25-03  08-02  173  PAYMENT
   700.77     57.59     763.37      0.00      120.19- SUSPENSE
           87,184.35
10-20-03  07-02  173  PAYMENT
   700.11     57.00     763.87      0.00      120.85- SUSPENSE
           87,241.94
09-19-03  06-02  173  PAYMENT
   700.77     47.32     837.07      0.00      183.61- SUSPENSE
           87,299.03
08-18-03  05-02  173  PAYMENT
   700.11     46.86     837.52      0.00      184.27- SUSPENSE
           87,346.34
07-25-03  04-02  173  PAYMENT
     0.00     46.42     837.96      0.00
           87,393.20
07-25-03  03-02  173  PAYMENT
 1,542.13     45.98     838.40      0.00      226.63- SUSPENSE
           87,439.62
06-27-03  03-02  173  PAYMENT
   394.89      0.00       0.00      0.00      394.89  SUSPENSE
06-26-03  02-02  173  PAYMENT
     0.00     45.54     838.84      0.00      884.38- SUSPENSE
           87,485.60
06-17-03  02-02  173  PAYMENT
     0.00     45.11     839.27      0.00      884.38- SUSPENSE
           87,531.14
06-10-03  01-02  173  PAYMENT
   164.00      0.00       0.00      0.00      164.00  SUSPENSE
05-27-03  01-02  173  PAYMENT
   100.00      0.00       0.00      0.00      100.00  SUSPENSE
05-27-03  01-02  173  PAYMENT
    50.00      0.00       0.00      0.00       50.00  SUSPENSE
```

https://www2.lenstarweb.com/login/lenstar/filehist/ShowHistory.asp?Select=CA&Sequenc...  5/10/2004

P-21-2004 TUE 01:01 PM                              FAX NO.                              P. 03

**EXHIBIT 7**

09-17-04    08:54am    From-AMERIQUEST MORTGAGE    +714 245 0437    T-604  P.001/002  F-876

AMERIQUEST MORTGAGE COMPANY
505 CITY PARKWAY WEST, SUITE 100
ORANGE, CA 92668-2913
(800) 430-5262

September 10, 2004          PAYOFF STATEMENT
                         FOR INTERNAL USE ONLY

TO:
Natasha Pavloff                         Contact Phone: (714) 634-2476
Amc-Bankruptcy
Fax No 714 347 5098

                                        Loan No. 0084213615
Borrower(s):                            Loan Type: Conventional
Jocalyn S Susak                         Property Address:
                                        60 Bolton Rd
60 Bolton Rd                            South Lancaster MA 01561
South Lancaster MA 01561

Interest is calculated to September 10, 2004.
This loan is due for the May 01, 2003 payment.
The current total unpaid Principal Balance is:       $     85,660.18
Interest at 9.800008                                       15,541.01
Prepayment Penalty/Expiration Date: 11-30-00                     .00
Suspense Balance                                           -3,929.78
Unpaid Late Charges                                           874.18
Unpaid NSF Charges                                             20.00
Expenses Paid by Ameriquest Mortgage                       12,226.43
Foreclosure Fee                                             1,090.00
Demand/Beneficiary                                             40.00
Property Inspection                                            20.00
TOTAL AMOUNT TO PAY IN FULL AS OF September 10, 2004: $   107,241.81

Funds received after September 10, 2004 will require an additional $ 13.64
interest per day. A late charge of $ 29.17 will be assessed if any
monthly payment is not received within 15 days of the due date.

PAYOFF FUNDS MUST BE RECEIVED VIA CERTIFIED CHECK, CASHIERS/OFFICIAL
BANK CHECK OR WIRE TRANSFER. ESCROW/TRUST CHECKS ARE NOT ACCEPTED.
Wiring Instructions: JP Morgan Chase Bank of Texas, ABA 113000609
Credit: Ameriquest Mortgage Company; Account No. 00163279631;
Further Credit: Loan No. 0004213615, Attention: Payoff Department.

Verification: All figures are subject to final verification of the
Note Holder. Figures may be adjusted if any check or money order
previously received is rejected by the institution by which it is
drawn. The Note Holder reserves the right to demand additional funds
before or subsequent to the release of the Note Holder security
interest in the property securing the loan to correct any error or
omission in these figures made in good faith.

Provide seller's future address if other than the encumbered property.
All refunds will be paid directly to the borrower identified above.
If the payoff remittance is less than required, the check issuer will
be contacted. Additional interest will be due and payable.

                    SEE NEXT PAGE FOR ADDITIONAL COMMENTS

SP-21-2004 TUE 01:01 PM                                         FAX NO.                            P. 04

09-17-04   08:54am   From-AMERIQUEST MORTGAGE       +714 245 3437      T-604  P.002/002  F-576

AMERIQUEST MORTGAGE COMPANY
505 CITY PARKWAY WEST, SUITE 100
ORANGE, CA 92868-2912
PHONE (800) 435-5262

DO NOT SEND ANY CHECKS TO THE ABOVE ADDRESS!

September 10, 2004

Jacalyn S Rozak

60 Holton Rd
South Lancaster MA 01561

RE:  Loan No. 0004218815

PAYOFF STATEMENT - ADDITIONAL COMMENTS

INTEREST RATE WILL ADJUST EFFECTIVE 26/2003

TAXES WILL DISBURSE N/A

Foreclosure/Bankruptcy fees/costs are good through 10/07/04.

Foreclosure Sale Date is set for N/A

In the event this loan reinstates prior to the expiration date,
this payoff statement becomes null and void.

In the event we receive relief or dismissal on the Bankruptcy,
additional Foreclosure fees may apply and a new payoff statement
must be requested.

PLEASE VERIFY FIGURES PRIOR TO PAYOFF.

WIRING INSTRUCTIONS

JP MORGAN CHASE BANK OF HOUSTON TEXAS
ABA NUMBER: 113000609
CREDIT: AMERIQUEST MORTGAGE COMPANY
ACCOUNT NUMBER: 0018527960L
FURTHER CREDIT: LOAN NUMBER 0004218815
ATTENTION: PAYOFF DEPARTMENT

F0514/000/PK9