*Memorandum in Support of Motion*

# EXHIBIT - 1

# ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

November 25 , 1997               ORANGE                              CA
[Date]                           [City]                           [State]

60 BOLTON RD
SOUTH LANCASTER, MA  01561

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $   90,000.00               (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is

AMERIQUEST MORTGAGE COMPANY

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of       7.500      %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on       January  1 , 1998 I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on December  1 , 2027      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at     505 SOUTH MAIN STREET, STE. 6000
ORANGE, CA 92868

or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $    629.29              . This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**

(A) Change Dates

The interest rate I will pay may change on the first day of       June   1 , 1998    , and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before the Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding      Six and Three Fourths                 percentage point(s) (     6.750      %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

**EXHIBIT 1**

WE HEREBY CERTIFY THIS
TO BE A TRUE AND CORRECT
COPY OF THE ORIGINAL.
BY:
AMERIQUEST MORTGAGE COMPANY

MASSACHUSETTS ADJUSTABLE RATE NOTE - LIBOR INDEX

4140154

Page 1 of 3

ELECTRONIC LASER FORMS, INC.

principal that I am expected to owe at the Change Date on the [...] new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **8.500** % or less than **7.500** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One** percentage point(s) ( **1.000** %) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **13.500** % or less than **7.500** %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment.

If within three (3) years from the date of execution of the Security Instrument, I make a full prepayment, I will pay a prepayment charge subject to the following limitations: (i) if I make a full prepayment for the purpose of refinancing my loan with another financial institution, the prepayment charge will be equal to three (3) months' interest, and (ii) if I make a full prepayment for any other purpose, the prepayment charge will be equal to the lesser of three (3) months' interest or the remaining balance of the first year's interest.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **FIFTEEN** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **3.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

TO BE A TRUE AND CORRECT
COPY OF THE ORIGINAL.

BY: _____

AMERIQUEST MORTGAGE COMPANY

If more than one person ... this Note, each person is fully and personally o... to keep all of the promises made in this Note, including the ... ise to pay the full amount owed. Any person who is a ... tor, surety or endorser of this Note is also obligated to do the ... ngs. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10.  WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
JACALYN B NOSEK                  -Borrower                                     -Borrower

_____ (Seal)        _____ (Seal)
                                 -Borrower                                     -Borrower

*[Sign Original Only]*

WE HEREBY CERTIFY THIS
TO BE A TRUE AND CORRECT
COPY OF THE ORIGINAL
BY:
AMERIQUEST MORTGAGE COMPANY

4140156 (04/05)
4140156 (REV 1/8/01)

BOOK 19404 PAGE 164

When recorded, mail to:

134662

AMERIQUEST MORTGAGE COMPANY
P.O. BOX 11507
SANTA ANA, CA  92711

LOAN NO. 4219515-5610

97 DEC -3  AM 10: 38

---
[Space Above This Line For Recording Data]
---

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on     November   25 ,  1997     . The mortgagor is

JACALYN S NOSEK

("Borrower"). This Security Instrument is given to
    AMERIQUEST MORTGAGE COMPANY

which is organized and existing under the laws of    the State of Delaware                                      , and whose
address is     1100 TOWN & COUNTRY RD., STE. 200
         ORANGE, CA ^2868                            ("Lender"). Borrower owes Lender the principal sum of
   Ninety Thousand and no/100------------------------------       Dollars (U.S. $     90,000.00       ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on     December  1 ,  2027        .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, with power
of sale, the following described property located in        WORCESTER                        County, Massachusetts:
    LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of  60  BOLTON RD                      [Street, City],   SOUTH LANCASTER    [Street, City],
Massachusetts     01561              [Zip Code]  ("Property Address");

MASSACHUSETTS-Single Family-FNMA/FHLMC
      UNIFORM INSTRUMENT Form 3022  9/90
 -6H(MA) (9403).01                       Amended 12/93
      VMP MORTGAGE FORMS - (800)521-7291
TDMA:  (REV 3/97)TS
Page 1 of 8                        Initials

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest; Prepayment and Late Charges. Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

Form 3022 9/90

6HIMAJ (9403) 31

Page 2 of 6

Loan No. 4219515-5610

BOOK 19404 PAGE

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, or any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve

Form 3022 9/90

-6H(MA) (9403).01

Page 3 of 8

Loan No. 4219515-5618

payments may no lo[...] requir[...] of Lender [...] mort[...] erage (in the amount and for the period that Lender require[...] [...]ded by an insurer approved by Lender again become[...] [...]ible and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. Inspection. Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender 'o Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payment

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower r Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Loan Charges. If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. Notices. Any notice to Borrower provided for in this Sec rity Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice ovided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in th s paragraph.

15. Governing Law; Severability. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

Form 3022   9/90

SIHMAI [...]

Page 4 of 6

Loan No. 4219515-5610

transferred (or if a beneficial interest in Borrower is sold or transferred) and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by applicable law, in the manner provided by applicable law. Lender shall publish the

Form 3022 9/90

-6H(MA) (9403).01    Page 5 of 6    Initials: [signature]
TDMA3.REV 3/07/75

Loan No. 4219515-5610

notice of sale, and t[...]erty shall be sold in the manner prescribed by app[...]able law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. Release. Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument to Borrower. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

23. Waivers. Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

24. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

[X] Adjustable Rate Rider    [ ] Condominium Rider    [ ] 1-4 Family Rider
[ ] Graduated Payment Rider    [ ] Planned Unit Development Rider    [ ] Biweekly Payment Rider
[ ] Balloon Rider    [ ] Rate Improvement Rider    [ ] Second Home Rider
[ ] V.A. Rider    [ ] Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____    _____ (Seal)
JACALYN S NOSEK      -Borrower

_____    _____ (Seal)
     -Borrower

_____ (Seal)    _____ (Seal)
-Borrower      -Borrower

COMMONWEALTH OF MASSACHUSETTS.      County ss: Worcester

On this 25TH day of November, 1997, before me personally appeared
Jacalyn S Nosek
known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

My Commission Expires:

9/24/2004      _____
Notary Public
Rodney Cranston Jr.

Sea

SH(MA) (9403.01
TDM 46 (REV 3/97)TS

Page 8 of 8      Form 3022   9/90

Loan No. 4219515-5610

## EXHIBIT A

re: Jacalyn S. Nosek with a Life Estate reserved for Joseph S. Nosek

That certain lot or parcel of land with any buildings thereon located in the Municipality of S. Lancaster, Worcester County, State of Mass;  bounded and described as referenced below.

Beginning at the southeasterly corner of the lot on the northerly side of South Lancaster-Bolton Road at land now or formerly of one Lavigne.

Thence on said road S 59$^0$ 59' W forty-eight and 29/100 (48.29) feet to a cement bound at land now or formerly of one Christianson;

Thence on said Christianson land N 63$^\bullet$ 16' W seventy-seven and 5/10 (77.5) feet to a cement bound;

Thence on land of Martha L. Howard, Trustee, N 39$^0$ 49' E eighty-three and 06/100 (83.06) feet;

Thence by land of said Martha L. Howard, Trustee, and land of said Lavigne S 43$^0$ 46' East fifty-one and 29/100 (51.29) feet;

Thence by said Lavigne land S 30$^\bullet$ 21' E forty-three and 85/100 (43.85) feet to the point of beginning.

Subject to a Right of Way as described in a deed from Jeannette M. McDunn et al to Michael P. McDunn et ux dated November 14, 1957, recorded with Worcester District Registry of Deeds in Book 3907, Page 183.

Subject to and with the benefit of any and/or all rights, restrictions, covenants and easements of record, insofar as the same may be in force and applicable.   .

For title see deed dated 4-22-96 from Joseph S. Nosek, to Jacalyn S. Nosek with a Life Estate reserved for Joseph S. Nosek, recorded in the Worcester County Registry of Deeds Book 17841, Page 383.

*Memorandum in Support of Motion*

# EXHIBIT - 2

FORM B10 (Official Form 10) (Rev. 4/98)

| United States Bankruptcy Court    District of Massachusetts | AMENDED PROOF OF CLAIM |
|---|---|

| Name of Debtor  Jacalyn S. Nosek | Case Number 02-46025-JBR |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Ameriquest Mortgage Company | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **EXHIBIT 8** <br> Mc CARTHY REPORTING SERVICE <br> 5-4-05 |
|---|---|---|
| Name and address where notices should be sent:<br><br>Ameriquest Mortgage Company<br>P.O. BOX 5646<br>Orange, CA  92863<br><br>Attn:  John Teston<br><br>Telephone number:  (714) 634-2474 | ☐ Check box if you have never received any notices from the bankruptcy court in this case<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | This space is for Court Use Only |

| Account or other number by which creditor identifies debtor:<br>0004219515 | Check here if this claim | ☐ replaces<br>☒ amends  a previously filed claim, dated:  November 1, 2002 |
|---|---|---|

| 1. **Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☒ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☐ Other_____ | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (Fill out below)<br><br>Your SS#: _____ - _____ - _____<br><br>Unpaid compensation for services performed<br><br>from _____ to _____<br>     (date)          (date) |
|---|---|

| 2. **Date debt was incurred: November 25, 1997** | 3. If court judgment, date obtained: |
|---|---|

4. **Total Amount of Claim at Time Case Filed:**  <u>$106,533.17</u>
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. **Secured Claim.**<br>☒ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other_____<br><br>Value of Collateral:<br><br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any <u>$18,810.95</u> | 6. **Unsecured Priority Claim.**<br>☐ Check this box if you have an unsecured priority claim<br>   Amount entitled to priority $_____<br>   Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)<br>☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).<br>☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a-____).<br>*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 7. **CREDITS:**  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. **Supporting Documents:**  *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. **Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This Space Is for Court Use Only |
|---|---|

| Date<br>April 22, 2003 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>John Teston |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM B10  (Official Form 10)(Rev. 4/9

Addendum "A"
In re Jacalyn S. Nosek
Bankruptcy Case No. 02-46025-JBR

As of the date of filing of the within bankruptcy case on October 2, 2002, there were arrearages due and owing as follows:

| | |
|---|---|
| 3 payments at $949.70 each<br>(October 1, 2001 through December 1, 2001) | $2,849.10 |
| 6 payments at $884.38 each<br>(January 1, 2002 through June 1, 2002) | $5,306.28 |
| 4 payments at $820.96 each<br>(July 1, 2002 through October 1, 2002) | $3,283.84 |
| 3 late charges at $28.49 each<br>(October 16, 2001 through December 16, 2001) | $85.47 |
| 6 late charges at $26.53 each<br>(January 16, 2002 through June 16, 2002) | $159.18 |
| 3 late charges at $24.63 each<br>(July 16, 2002 through September 16, 2002) | $73.89 |
| Previously Accrued Late Charges | $165.91 |
| Property Inspections | $193.50 |
| NSF Fees | $10.00 |
| Foreclosure Fees and Costs | $4,161.50 |
| Appraisal | $650.00 |
| Suspense Balance | <$1,067.72> |
| Prior Bankruptcy Attorney'sFees | $2,915.00 |
| Property Tax Advance | $25.00 |
| Total Arrears | $18,810.95 |
| Principal Balance | $87,722.22 |
| Total Debt | $106,533.17 |

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at Buchalter, Nemer, Fields & Younger, A Professional Corporation, 895 Dove Street, Suite 400, P.O. Box 8129, Newport Beach, California 92658-8129.

On ___May 1, 2003___, I served the foregoing documents described as:

### PROOF OF CLAIM

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

### ***SEE ATTACHED LIST***

[XX]   BY MAIL     I am a resident of, or employed in, the county where the mailing occurs; I am over the age of 18 years and am not a party to the cause. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter, Nemer, Fields & Younger in Newport Beach, California on ___May 1, 2003___. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on that date following ordinary business practices. Service made pursuant to CCP § 1013a(3), upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

[XX]   __Federal__     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[ ]   __State__     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on ___May 1, 2003___, at Newport Beach, California.

____STACIE KELLEY____                    _____
                                              (Signature)

Service List
In re **Jacalyn S. Nosek**
Case No.**02-46025-JBR**

**Debtor Attorney:**
Philip M. Stone
27-29 Mechanic St.
Worcester, MA  01608

**Chapter 13 Trustee:**
Denise M. Pappalardo
P. O. Box 16607
Worcester, MA  01601

*Memorandum in Support of Motion*

# EXHIBIT - 3

04-21-05   01:13pm   From-AMC Mortgage Services

LOAN: 421951S   DATE=04-22 USER=CPI KEY=AR002 VERS=004 TITLE=ARM Letter
LINES-PER-PAGE=ND CONDITIONS=2
AMERIQUEST MORTGAGE COMPANY
505 SOUTH MAIN STREET, SUITE 6000
ORANGE, CA 92868
(714) 543-5262

April 21, 1998

Jacalyn S Nasek
60 Bolton Rd
South Lancaster, MA 01561

Re: Loan Number 421951-5
Property Address:   60 Bolton Rd
South Lancaster MA 01561

ADJUSTABLE LOAN NOTIFICATION

The terms of your loan provide for periodic adjustments based on
changes to a specified index. A new rate for that index has been
published: the following advises you of the changes based on
that new rate as well as your current loan status.

The most recently published index rate on 04-20-98 pertaining to
this loan is 5.71875. The margin rate on your loan is 5.25000.
After adding these index and margin rate provisions, your next interest rate
maximum calculated to be 8.50000. If required under the terms
of your note, this interest rate has been rounded. This interest rate will
be in effect until your loan is next reviewed in 6 month(s).

PAYMENT AND INTEREST RATE INFORMATION:

|  | CURRENT PAYMENT | ADJUSTED PAYMENT |
|---|---|---|
| Interest Rate | 7.50000% | 8.50000% |
| Principal & Interest | 629.29 | 690.00 |
| TOTAL PAYMENT | 629.29 | 690.00 |

This change is based on a projected principal balance and will be
effective with your 07-01-98 payment.

A full payoff of the loan may be made at any time. Refer to original
loan documents for prepayment charges.

If you have any questions, please call our Customer Service
Department at (800) 430-5262. Our office hours are 8:00 a.m.
to 5:00 p.m. Pacific Standard Time.

Ltr. No. AR002/004/CPI

04-21-05   01:13pm   From-AMC Mortgage Services   T-289   P.003   F-369

11-08-98      LOAN: 0004219515   DATE=10-21 USER=CPI KEY=AR002 VERS=006 TITLE=ARM Letter
PAGE 20,539
SECURITY=4      le FORM=      PRINTER=

MSP LETTERWRITER ACTIVITY FOR MONTH OF 10-98

LINES-PER-PAGE=NO CONDITIONS=3
AMERIQUEST MORTGAGE COMPANY
505 SOUTH MAIN STREET, SUITE 6000
ORANGE, CA 92868
(714) 543-5262

October 20, 1998

Jacelyn S Nosek
50 Bolton Rd
South Lancaster, MA 01561

Re: Loan Number 0004219515
Property Address:   50 Bolton Rd
                    South Lancaster MA 01561

ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 9.50000%, which is based on an
index value of 4.93844.  The margin on your loan is 5.75000.
Based on the new interest rate and a projected loan balance of
$85,767.20, your new payment amount will be $ 753.49.
Your first payment at the new amount will be due on 01-01-99.

Your previous interest rate was 8.50000%, which was based on an
index value of 5.71875.

The new interest rate does not equal the fully indexed rate of
11.75000% because of the application of your periodic rate cap or
lifetime rate cap. Your periodic cap is 1.00000 percentage
point(s) and your life of loan cap is 6.00%.

PAYMENT AND INTEREST RATE INFORMATION:

|  | CURRENT PAYMENT | ADJUSTED PAYMENT |
|---|---|---|
| Interest Rate | 8.50000% | 9.50000% |
| Principal & Interest | $  690.00 | $  753.49 |
| TOTAL PAYMENT | $  690.00 | $  753.49 |

If you have any questions, please call our Customer Service
Department at (800) 430-5262.  Our office hours are 8:00 a.m.
to 5:00 p.m. Pacific Standard Time.

Ltr. No. AR002/006/CPI

05-08-99

LUN= 0004219515   DATE=04-21 USER=CPI KEY=AR002 VERS=006 TITLE=ARM Letter
LINES-PER-PAGE=NO CONDITIONS=3

AMERIQUEST MORTGAGE COMPANY
505 SOUTH MAIN STREET, SUITE 6000
ORANGE, CA 92868
(714) 543-5882

MSP LETTERWRITER ACTIVITY FOR MONTH OF 04-99

PAGE 12,?:   Lc FORM=   PRINTER=   SECURITY=:

April 20, 1999

Jocelyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561

Re: Loan Number 0004219515
    Property Address:   60 Bolton Rd
                        South Lancaster MA 01561

## ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 10.50000%, which is based on an
index value of 5.03938. The margin on your loan is 6.75000.
Based on the new interest rate and a projected loan balance of
$ 80,750.67, your new payment amount will be $ 818.24.
Your first payment at the new amount will be due on 07-01-99.

Your previous interest rate was 9.50000%, which was based on an
index value of 4.93844.

The new interest rate does not equal the fully indexed rate of
11.75000% because of the application of your periodic rate cap or
lifetime rate cap. Your periodic cap is 1.00000 percentage
point(s) and your life of loan cap is 6.00%.

### PAYMENT AND INTEREST RATE INFORMATION:

|                      | CURRENT PAYMENT |        | ADJUSTED PAYMENT |
|----------------------|-----------------|--------|------------------|
| Interest Rate        | 9.50000%        |        | 10.50000%        |
| Principal & Interest | $      753.49   | $      | 818.24           |
| TOTAL PAYMENT        | $      753.49   | $      | 818.24           |

If you have any questions, please call our Customer Service
Department at (800) 430-5882. Our office hours are 8:00 a.m.
to 5:00 p.m. Pacific Standard Time.

Ltr. No. AR002/006/CPI

PAGE 12.9'

(c FORM=BLAR PRINTER=001Z SECURITY=

MSP LETTERWRITER ACTIVITY FOR MONTH OF 10-99

11-06-99    DATE=10-21 USER=CPI KEY=AR002 VERS=009 TITLE=ARM Letter
LOAN= 000421951S
LINES-PER-PAGE=NO CONDITIONS=3    AMERIQUEST MORTGAGE COMPANY
                                  505 SOUTH MAIN STREET. SUITE 5000
                                  ORANGE, CA 92868-4509
                                  (714) 543-5562

October 20, 1999

Jocelyn B Hosek
60 Bolton Rd
South Lancaster, MA 01561

Re:  Loan Number 000421951S
     Property Address:  60 Bolton Rd
                        South Lancaster MA 01561

## ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 11.50000%, which is based on an index
value of 6.09500. The margin on your loan is 6.75000% Based on the
new interest rate and present amount will be $ 883.86. Your first
new principal and interest amount will be due on 01-01-00.

Your previous interest rate was 10.50000%, which was based on an
index value of 5.03938.

The new interest rate does not equal the fully indexed rate of
12.8/500% because of the application of your periodic rate cap or
lifetime rate cap. Your periodic cap is 1.00000 percentage
points) and your life of loan cap is 6.00%.

PAYMENT AND INTEREST RATE INFORMATION:

|  | CURRENT PAYMENT | ADJUSTED PAYMENT |
|---|---|---|
| Interest Rate | 10.50000% | 11.50000% |
| Principal & Interest | $  818.24 | $  883.86 |
| TOTAL PAYMENT | $  818.24 | $  883.86 |

If you have any questions, please call our Customer Service
Department at (800) 430-5262. Our office hours are 8:00 a.m. to
5:00 p.m. Pacific Standard Time.

Ltr. No. AR002/009-CPI

05-06-00

04-21-05   01:14pm   From-AMC Mortgage Services

INSP:LETTERWRITER ACTIVITY FOR MONTH OF UNKNOWN
IS FORM=BLAR PRINTER=0012 SECURITY

DATE=04-21   USER=CPI KEY=AR002 VERS=009 TITLE=ARM Letter

LOAN= 0004219515
LINES-PER-PAGE=NO CONDITIONS=3
AMERIQUEST MORTGAGE COMPANY
505 SOUTH MAIN STREET, SUITE 5000
ORANGE, CA 92868-4509
(714) 543-5262

April 20, 2000

Jacelyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561

Re: Loan Number 0004219515
    Property Address:   60 Bolton Rd
                        South Lancaster MA 01561

**ADJUSTABLE LOAN NOTIFICATION**

Your promissory note permits us to change the interest rate and monthly payment amount on your loan every 6 months. This notice is to give you information about the next such change.

Your new interest rate will be 12.50000%, which is based on an index value of 6.51125. The margin on your loan is 6.75000. Based on the new interest rate and a projected loan balance of $8,240.51, your new principal and interest amount will be $950.27. Your first payment at the new amount will be due on 07-01-00.

Your previous interest rate was 11.50000%, which was based on an index value of 6.09500.

The new interest rate does not equal the fully indexed rate of 13.25000% because of the application of your periodic rate cap or lifetime rate cap. Your periodic cap is 1.00000 percentage point(s) and your life of loan cap is 6.00%.

PAYMENT AND INTEREST RATE INFORMATION:

|  | CURRENT PAYMENT | ADJUSTED PAYMENT |
|---|---|---|
| Interest Rate | 11.50000% | 12.50000% |
| Principal & Interest | $ 883.86 | $ 950.27 |
| TOTAL PAYMENT | $ 883.86 | 950.27 |

If you have any questions, please call our Customer Service Department at (800) 430-5262. Our office hours are 9:00 a.m. to 5:00 p.m. Pacific Standard Time.

Ltr. No. AR002/009-CPI

04-21-05    01:14pm    From-AMC Mortgage Services    T-289    P.007    F-369

11-04-00

LOAN# 0004219515    DATE=10-21 USER=CPI KEY=AR002 VERS=3
LINES-PER-PAGE=END CONDITIONS=3
AMERIQUEST MORTGAGE COMPANY
505 SOUTH MAIN STREET, SUITE 6000
ORANGE, CA 92868-4509
(714) 543-5262

October 20, 2000

Jacalyn S Nosek
50 Bolton Rd
South Lancaster, MA 01561

Re: Loan Number 0004219515
Property Address:  50 Bolton Rd
South Lancaster MA 01561

## ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 13.50000%, which is based on an index
value of 6.72000. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 87,950.26, your
new principal and interest amount will be $ 1,016.66. Your first
payment at the new amount will be due on 01-01-01.

Your previous interest rate was 12.50000%, which was based on an
index value of 6.51125.

### PAYMENT AND INTEREST RATE INFORMATION:

|  | CURRENT PAYMENT | ADJUSTED PAYMENT |
|---|---|---|
| Interest Rate | 12.50000% | 13.50000% |
| Principal & Interest | $  950.27 | $ 1,016.66 |
| TOTAL PAYMENT | $  950.27 | $ 1,016.66 |

If you have any questions please call our Customer Service
Department at (800) 430-5262. Our office hours are 8:00 a.m. to
5:00 p.m. Pacific Standard Time.

(Ltr No. AR002/009-CPI

LOAN= 0004219515   DATE=04-21 USER=CPI KEY=AR002 VERS=013 TITLE=ARM Letter
LINES-PER-PAGE=NO CONDITIONS=3

AMERIQUEST MORTGAGE COMPANY
PO BOX 11000
SANTA ANA, CA 92711-1000
(800) 430-5262


April 20, 2001


Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561-

Re:  Loan Number 0004219515
      Property Address:  60 Bolton Rd
                         South Lancaster MA 01561

ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 12.50000%, which is based on an index
value of 4.65000. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 87,792.97, your
new principal and interest amount will be $ 949.70. Your first
payment at the new amount will be due on 07-01-01.

The interest rate in effect immediately prior to this change is
13.50000%, which is based on an index value of 6.72000.

NEW INTEREST RATE AND PAYMENT:

Interest Rate                        12.50000%
Principal & Interest      $            949.70
TOTAL PAYMENT             $            949.70

Effective Date of New Payment         07-01-01

If you have any questions, please call our Customer Service
Department at (800) 430-5262. Our office hours are 7:00 a.m. to
6:00 p.m. Pacific Standard Time.

Ltr. No. AR002/013/CPI

LOAN= 0004219515    DATE=10-23 USER=CPI KEY=AR002 VERS=013 TITLE=ARM Letter    ic FORM=BLAR PRINTER=QDIZ SECURITY=3
LINES-PER-PAGE-NO CONDITIONS=3

AMERIQUEST MORTGAGE COMPANY
PO BOX 11000
SANTA ANA, CA 92711-1000
(800) 430-5262

October 22, 2001

Jacolyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561-

Re:  Loan Number 0004219515
     Property Address:  60 Bolton Rd
                        South Lancaster MA 01561

ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 11.50000%, which is based on an index
value of 2.36000. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 87,576.25, your
new principal and interest amount will be $ 884.38. Your first
payment at the new amount will be due on 01-01-02.

The interest rate in effect immediately prior to this change is
12.50000%, which is based on an index value of 4.65000.

NEW INTEREST RATE AND PAYMENT:

| | | |
|---|---|---|
| Interest Rate | | 11.50000% |
| Principal & Interest | $ | 884.38 |
| TOTAL PAYMENT | $ | 884.38 |
| Effective Date of New Payment | | 01-01-02 |

If you have any questions, please call our Customer Service
Department at (800) 430-5262. Our office hours are 7:00 a.m. to
6:00 p.m. Pacific Standard Time.

Ltr. No. AR002/013/CPI

LOAN= 0004219515    DATE=10-27 USER=CS5 KEY=BK001 VERS=013 TITLE=BK-ARM Notice to Counsel
LINES-PER-PAGE=NO CONDITIONS=0

AMERIQUEST MORTGAGE COMPANY
PO Box 11000
Santa Ana, CA  92711-1000


October 27, 2001


Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561

Re:  Loan Number:    0004219515

Dear Borrower(s):

We are aware that you and/or a co-borrower are presently a debtor in a
bankruptcy case. Ameriquest Mortgage Company (AMC) holds an Adjustable
Rate Note ("NOTE") secured by a mortgage (or Deed of Trust) against the
residential real property located at:

                60 Bolton Rd
                South Lancaster, MA

Pursuant to the terms of the Note, the monthly payment amount is subject
to an interest rate change every six months.  Although the prepetition
amounts owed to AMC have been set forth in AMC\s proof of claim filed
with the court, the postpetition payments may change every six months
in accordance with the terms of the Note.  As a consequence, AMC is
providing appropriate notification of the adjustment in the interest
rate, including the change date and the new monthly payment amount.
This notice has been provided for information purposes only and should
not be construed as an attempt to collect a debt in violation of the
automatic stay under 11 U.S.C. Sec. 362(a).

Thank you for your cooperation. If you have any questions, please feel
free to contact our Customer Service Department at (800)430-5262.

Sincerely,

Customer Service Department

CC:  Debtor\s Counsel:  STEVEN A KRESSLER
        Trustee:              DENISE M PAPPALARDO


BK001/015/CS5




Copies to:

STEVEN A KRESSLER
KRESSLER & KRESSLER, P.C.
5 PLEASANT ST
WORCHESTER, MA

LOAN- 0004219515    DATE-04-22 USER-CPI KEY-AR002 VERS-019 TITLE-ARM Letter          1c FORM-BLAR PRINTER-OD12 SECURITY-3
LINES-PER-PAGE-NO CONDITIONS-3
                        AMERIQUEST MORTGAGE COMPANY
                              PO BOX 11000
                           SANTA ANA, CA 92711-1000
                              (800) 430-5262


April 22, 2002


Jacelyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561-

Re:  Loan Number 0004219515
     Property Address:  60 Bolton Rd
                        South Lancaster MA 01561

        ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 10.50000%, which is based on an index
value of 2.20000. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 87,299.03, your
new principal and interest amount will be $ 820.96. Your first
payment at the new amount will be due on 07-01-02.

The interest rate in effect immediately prior to this change is
11.50000%, which is based on an index value of 2.36000.

NEW INTEREST RATE AND PAYMENT:

Interest Rate                      10.50000%
Principal & Interest        $         820.96
TOTAL PAYMENT               $         820.96

Effective Date of New Payment      07-01-02

If you have any questions, please call our Customer Service
Department at (800) 430-5262. Our office hours are 7:00 a.m. to
6:00 p.m. Pacific Standard Time.

                        Ltr. No. AR002/013/CPI

LOAN- 0004219515   DATE-10-22 USER-CPI KEY-AR002 VERS-013 TITLE-ARM Letter
LINES-PER-PAGE-NO CONDITIONS-3

1c FORM-BLAR PRINTER-QD12 SECURITY-3

AMERIQUEST MORTGAGE COMPANY
PO BOX 11000
SANTA ANA, CA 92711-1000
(800) 430-5262

October 21, 2002

Jocelyn S Nasek
60 Bolton Rd
South Lancaster, MA 01561-

Re:   Loan Number 0004219515
      Property Address:   60 Bolton Rd
                          South Lancaster MA 01561

ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 9.50000%, which is based on an index
value of 1.82375. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 86,948.88, your
new principal and interest amount will be $ 759.67. Your first
payment at the new amount will be due on 01-01-03.

The interest rate in effect immediately prior to this change is
10.50000%, which is based on an index value of 2.20000.

NEW INTEREST RATE AND PAYMENT:

Interest Rate                      9.500000%
Principal & Interest       $         759.67
TOTAL PAYMENT              $         759.67

Effective Date of New Payment      01-01-03

If you have any questions, please call our Customer Service
Department at (800) 430-5262. Our office hours are 7:00 a.m. to
6:00 p.m. Pacific Standard Time.

. ltr. No. AR002/013/CPI

LOAN= 0004219515   DATE=10-26 USER=CSV KEY=BK001 VERS=018 TITLE=BK-ARM Notice to Counsel   1= FORM=BLAR PRINTER=CP12 SECURITY

LINES-PER-PAGE-NO CONDITIONS=0

AMERIQUEST MORTGAGE COMPANY
PO Box 11000
Santa Ana, CA  92711-1000

October 26, 2002

Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561

Re:  Loan Number:    0004219515

Dear Borrower(s):

We are aware that you and/or a co-borrower are presently a debtor in a
bankruptcy case. Ameriquest Mortgage Company (AMC) holds an Adjustable
Rate Note ("NOTE") secured by a mortgage (or Deed of Trust) against the
residential real property located at:

                60 Bolton Rd
                South Lancaster, MA

Pursuant to the terms of the Note, the monthly payment amount is subject
to an interest rate change every six months. Although the prepetition
amounts owed to AMC have been set forth in AMC\s proof of claim filed
with the court, the postpetition payments may change every six months
in accordance with the terms of the Note. As a consequence, AMC is
providing appropriate notification of the adjustment in the interest
rate, including the change date and the new monthly payment amount.
This notice has been provided for information purposes only and should
not be construed as an attempt to collect a debt in violation of the
automatic stay under 11 U.S.C. Sec. 362(a).

Thank you for your cooperation. If you have any questions, please feel
free to contact our Customer Service Department at (800)430-5262.

Sincerely,

Customer Service Department

CC:  Debtor\s Counsel:  PHILIP M. STONE
     Trustee:           DENISE M PAPPALARDO

BK001/018/CSV

Copies to:

PHILIP M. STONE
27-29 MECHANIC ST
WORCESTER, MA 01608

LOAN= 0004219515   DATE=04-22 USER=CPI KEY=AR002 VERS=015 TITLE=ARM Letter    1c FORM=BLAR PRINTER=QD1Z SECURITY=3
LINES-PER-PAGE=NO CONDITIONS=3
874/0004219515/AR002/1/1/00000000000000

April 21, 2003

Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561-

Re:  Loan Number 0004219515
     Property Address:  60 Bolton Rd
                        South Lancaster MA 01561

ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 8.50000%, which is based on an index
value of 1.33438. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 86,512.38, your
new principal and interest amount will be $ 700.77. Your first
payment at the new amount will be due on 07-01-03.

The interest rate in effect immediately prior to this change is
9.50000%, which is based on an index value of 1.82375.

NEW INTEREST RATE AND PAYMENT:

Interest Rate                          8.50000%
Principal & Interest        $           700.77
TOTAL PAYMENT               $           700.77

Effective Date of New Payment          07-01-03

If you have any questions, please call our Customer Service
Department at (800) 430-5262. Our office hours are 7:00 a.m. to
6:00 p.m. Pacific Standard Time.

                        Ltr. No. AR002/015/CPI

LOAN= 0004219515   DATE=04-25 USER=CSS KEY=BK001 VERS=022 TITLE=BK-ARM Notice to Counsel   IL FORM=BLAR PRINTER-QD12 SECURITY-2
LINES-PER-PAGE=NO CONDITIONS=0

AMERIQUEST MORTGAGE COMPANY
PO Box 11000
Santa Ana, CA  92711-1000

April 25, 2003

Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561

Re:  Loan Number:    0004219515

Dear Borrower(s):

We are aware that you and/or a co-borrower are presently a debtor in a
bankruptcy case. Ameriquest Mortgage Company (AMC) holds an Adjustable
Rate Note ("NOTE") secured by a mortgage (or Deed of Trust) against the
residential real property located at:

                    60 Bolton Rd
                    South Lancaster, MA

Pursuant to the terms of the Note, the monthly payment amount is subject
to an interest rate change every six months.  Although the prepetition
amounts owed to AMC have been set forth in AMC's proof of claim filed
with the court, the postpetition payments may change every six months
in accordance with the terms of the Note. As a consequence, AMC is
providing appropriate notification of the adjustment in the interest
rate, including the change date and the new monthly payment amount.
This notice has been provided for informational purposes only and should
not be construed as an attempt to collect a debt in violation of the
automatic stay under 11 U.S.C. Sec. 362(a).

Thank you for your cooperation. If you have any questions, please feel
free to contact our Customer Service Department at (800) 430-5262.

Sincerely,

Customer Service Department

CC:  Debtor\s Counsel:  PHILIP M. STONE
        Trustee:         DENISE M PAPPALARDO


BK001/022/CSB




Copies to:

PHILIP M. STONE
44 FRONT ST
WORCESTER, MA 01608








DENISE M PAPPALARDO
CHAPTER 13 TRUSTEE
44 FRONT ST
PO BOX 16607
WORCESTER, MA 01608

LOAN- 0004219515    DATE-10-2  USER-CPI KEY=AR002 VERS=017 TITLE-ARM Letter    ic FORM=BLAR PRINTER=0012 SECURITY-3
LINES-PER-PAGE-NO CONDITIONS-4
874 /0004219515/AR002/1/1/0000000000006

October 20, 2003

Jacalyn B Nosek
60 Bolton Rd
South Lancaster, MA 01561-

Re:    Loan Number 0004219515
       Property Address:  60 Bolton Rd
                          South Lancaster MA 01561
       Bankruptcy Case No.: 02-46025

                        ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 8.00000%, which is based on an index
value of 1.20625. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 85,975.11, your
new principal and interest amount will be $ 672.37. Your first
payment at the new amount will be due on 01-01-04.

The interest rate in effect immediately prior to this change is
8.50000%, which is based on an index value of 1.33438.

NEW INTEREST RATE AND PAYMENT:

Interest Rate                              8.00000%
Principal & Interest        $              672.37
TOTAL PAYMENT               $              672.37

Effective Date of New Payment              01-01-04

If you have any questions, please call our Customer Care
Department at (800) 430-5262. Our office hours are 7:00 a.m. to
6:00 p.m. Pacific Standard Time.

                              Ltr. No. AR002/017/CPI

LOAN= 0004219515    DATE=04-21 USER=CPI KEY=AR002 VERS=020 TITLE=ARM Letter                          1C FORM=BLAR PRINTER=QD1Z SECURITY=3
LINES-PER-PAGE=NO CONDITIONS=4
874/0004219515/AR002/1/1/0000000000000


April 20, 2004

Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561-

Re:   Loan Number 0004219515
      Property Address:  60 Bolton Rd
                         South Lancaster MA 01561
      Bankruptcy Case No.: 02-46025

                         ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 8.00000%, which is based on an index
value of 1.29000. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 85,369.90, your
new principal and interest amount will be $ 672.37. Your first
payment at the new amount will be due on 07-01-04.

The interest rate in effect immediately prior to this change is
8.00000%, which is based on an index value of 1.20625.

NEW INTEREST RATE AND PAYMENT:

Interest Rate                          8.00000%
Principal & Interest        $           672.37
TOTAL PAYMENT               $           672.37

Effective Date of New Payment          07-01-04

For information on your mortgage loan, you can visit
www.myameriquestloan.com.  If you have any additional questions or
concerns, please contact our Customer Care Department at (800) 430-5262,
Monday through Friday, 7:00 a.m. to 6:00 p.m., Pacific Time.

AR002/020/CPI

LOAN= 0004219515    DATE=10-21 USER=CPI KEY=AR002 VERS=022 TITLE=ARM Letter    1c FORM=BLAR PRINTER-QO1Z SECURITY=1
LINES-PER-PAGE=NO CONDITIONS=4
874/0004219515/AR002/1/1/0000000000000

October 20, 2004

Jacalyn S Nosek
60 Bolton Rd
South Lancaster, MA 01561-

Re:   Loan Number 0004219515
      Property Address:   60 Bolton Rd
                          South Lancaster MA 01561
      Bankruptcy Case No.: 02-46025

                    ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 9.00000%, which is based on an index
value of 2.20000. The margin on your loan is 6.75000. Based on the
new interest rate and a projected loan balance of $ 84,740.05, your
new principal and interest amount will be $ 728.14. Your first
payment at the new amount will be due on 01-01-05.

The interest rate in effect immediately prior to this change is
 8.000004, which is based on an index value of 1.29000.

NEW INTEREST RATE AND PAYMENT:

Interest Rate                          9.00000%
Principal & Interest      $            728.14
TOTAL PAYMENT             $            728.14

Effective Date of New Payment          01-01-05

For information on your mortgage loan, you can visit
www.myameriquestloan.com. If you have any additional questions or
concerns, please contact our Customer Care Department at (800) 430-5262,
Monday through Friday, 7:00 a.m. to 6:00 p.m., Pacific Time.

AR002/022/CPI

*Memorandum in Support of Motion*

# EXHIBIT - 4

RE:   Jacalyn S. Nosek
      Loan No. 421951-5

## Summary of Adjustable Loan Notifications

| Date of Notice | Effective Date of Payment Amount Change | Monthly Payment Due Per Notice | (A) Margin Rate Per Notes Terms | (B) Index Rate Per Notice | (C) Actual Sum of (A) + (B) | (D) Rounded to Nearest Eighth Per Terms of Note | (E) Interest Rate Claimed Due Per Notice | (F) Interest Rate Difference (E) - (D) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 4/21/1998 | 7/1/1998 | $690.00 | 6.7500 | 5.71875 | 12.46875 | 12.50000 | 8.50000 | (4.000) | subject to periodic cap of 1% |
| 10/20/1998 | 1/1/1999 | $753.49 | 6.7500 | 4.93844 | 11.68844 | 11.75000 | 9.50000 | (2.250) | increase/decrease at each change date, life of loan cap is 6.00% |
| 4/20/1999 | 7/1/1999 | $818.24 | 6.7500 | 5.03938 | 11.78938 | 11.87500 | 10.50000 | (1.375) | " |
| 10/20/1999 | 1/1/2000 | $883.86 | 6.7500 | 6.09500 | 12.84500 | 12.87500 | 11.50000 | (1.375) | " |
| 4/20/2000 | 7/1/2000 | $950.27 | 6.7500 | 6.51125 | 13.26125 | 13.25000 | 12.50000 | (0.750) | " |
| 10/20/2000 | 1/1/2001 | $1,016.55 | 6.7500 | 6.72000 | 13.47000 | 13.50000 | 13.50000 | 0.000 | " |
| 4/20/2001 | 7/1/2001 | $949.70 | 6.7500 | 4.65000 | 11.40000 | 11.50000 | 12.50000 | 1.000 | |
| 10/20/2001 | 1/1/2002 | $884.38 | 6.7500 | 2.36000 | 9.11000 | 9.12500 | 11.50000 | 2.375 | |
| 10/22/2002 | 7/1/2002 | $820.96 | 6.7500 | 2.20000 | 8.95000 | 9.00000 | 10.50000 | 1.500 | |
| 4/22/2002 | 1/1/2003 | $759.67 | 6.7500 | 1.82375 | 8.57375 | 8.62500 | 9.50000 | 0.875 | |
| 10/21/2002 | 7/1/2003 | $700.77 | 6.7500 | 1.33438 | 8.08438 | 8.12500 | 8.50000 | 0.375 | |
| 4/21/2003 | 1/1/2004 | $672.37 | 6.7500 | 1.20625 | 7.95625 | 8.00000 | 8.00000 | 0.000 | |
| 10/20/2003 | 7/1/2004 | $672.37 | 6.7500 | 1.29000 | 8.04000 | 8.00000 | 8.00000 | 0.000 | |
| 4/20/2004 | 1/1/2005 | $728.14 | 6.7500 | 2.20000 | 8.95000 | 9.00000 | 9.00000 | 0.000 | |

EXHIBIT
McCARTHY REPORTING SERVICE

*Memorandum in Support of Motion*

# EXHIBIT - 5

MAY-10-2004 MON 03:10 PM Ablitt & Caruolo,PC.                FAX NO. 7812468994                    P. 02

Page 1 of 2

☎ ⊟ **Current Loan Number (F-J-CONV):** 0004219515/LB8                          **MICHAEL GUARINO (GOSSELIN)**

**Borrower:** NOSEK, S JACALYN                    **Servicer:** Ameriquest Mortgage Company (LB8)
**Address:** 60 BOLTON RD                         **Attorney File #:**
          SOUTH LANCASTER, MA 01561              **LonStar #:** LBB035177A
                                                 **Investor #:** 0004219515

**File History Detail...**

# EXHIBIT 5

[ Back ]   [ Word Wrap On ]

**Sent:** 5/10/2004 2:59:38 PM
**From:** JASON SYNDERGAARD
**Read:** 5/10/2004 3:01:16 PM
**Read By:** MICHAEL GUARINO
**Topic:** 12 month payment history
**Message:**

```
SER1 0004219515            CUSTOMER SERVICE  INV 789/001  05/07/04  1
JACALYN S NOSEK            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 DC  TYPE CONV. RES.   ARM
                          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     IR 10.50000  BR BD   978-36
60 BOLTON RD              SOUTH LANCASTER M. 01561              R 978-36
   DEHA         DEMAND REQUEST RECEIVED WITH AUTHORIZATION    : 04/0
-----RPMT-----        ------* END  OF LOAN HISTORY *------------------
PROC-DT  DUE-DT  TRAN  TRAN-DESCRIPTION                   TRAN-EFFECTIVE
      TRAN-AMT   PRINCIPAL   INTEREST    ESCR W   AMOUNT/CD/DESCRIPTION
05-04-04  10-02  173  PAYMENT
      700.00      0.00       0.00       0.53      700.00  SUSPENSE
02-23-04  10-02  173  PAYMENT
      700.77      0.00       0.00       0.01      700.77  SUSPENSE
02-03-04  10-02  173  PAYMENT
      725.00      0.00       0.00       0.01      725.00  SUSPENSE
12-31-03  09-02  173  PAYMENT
      700.77     58.10     762.86       0.01      120.19- SUSPENSE
                87,126.25
12-31-03  09-02  173  PAYMENT
      630.25      0.00       0.00       0.01      630.25  SUSPENSE
11-25-03  08-02  173  PAYMENT
      700.77     57.59     763.37       0.00      120.19- SUSPENSE
                87,184.35
10-20-03  07-02  173  PAYMENT
      700.11     57.08     763.87       0.00      120.85- SUSPENSE
                87,241.94
09-19-03  06-02  173  PAYMENT
      700.77     47.32     837.07       0.00      183.61- SUSPENSE
                87,299.03
08-18-03  05-02  173  PAYMENT
      700.11     46.86     837.52       0.00      184.27- SUSPENSE
                87,346.34
07-25-03  04-02  173  PAYMENT
        0.00     46.42     837.96       0.00
                87,393.20
07-25-03  03-02  173  PAYMENT
    1,542.13     45.98     838.40       0.00      226.63- SUSPENSE
                87,639.62
06-27-03  03-02  173  PAYMENT
      394.89      0.00       0.00       0.00      394.89  SUSPENSE
06-26-03  02-02  173  PAYMENT
        0.00     45.54     838.84       0.00      884.38- SUSPENSE
                87,685.60
06-17-03  01-02  173  PAYMENT
        0.00     45.11     839.27       0.00      884.38- SUSPENSE
                87,531.14
06-10-03  01-02  173  PAYMENT
      164.00      0.00       0.00       0.00      164.00  SUSPENSE
05-27-03  01-02  173  PAYMENT
      100.00      0.00       0.00       0.00      100.00  SUSPENSE
05-27-03  01-02  173  PAYMENT
       50.00      0.00       0.00       0.00       50.00  SUSPENSE
```

MAY-10-2004 MON 03:11 PM Ablitt & Caruolo,PC.     FAX NO. 7812468994         P. 03

File History

```
05-27-03  12-01  173  PAYMENT
      903.36        37.06      912.64      1.00       46.34-  SUSPENSE
                87,576.25
05-27-03  11-01  173  PAYMENT
      900.00        36.68      913.02      1.00       49.70-  SUSPENSE
                87,613.31
04-21-03  11-01  173  PAYMENT
      820.11         0.00        0.00      0.00      820.11   SUSPENSE
04-21-03  11-01  173  PAYMENT
      850.00         0.00        0.00      0 00       24.63 1 LATE CHARGE
                                                     825.37   SUSPENSE
03-10-03  10-01  173  PAYMENT
      820.11        36.30      913.40      6 00      129.59-  SUSPENSE
                87,649.99
```

                        (0.140625)
                           (0)

*Memorandum in Support of Motion*

# EXHIBIT - 6



# PHILIP M. STONE

### ATTORNEY AT LAW
### 44 FRONT STREET
### WORCESTER, MASSACHUSETTS 01608-1752

TELEPHONE (508) 755-7354
FAX (508) 752-3730
E-MAIL pstonelaw@rcn.com

RECEIPT
7192 9106 6640 0000 4068

FROM:
Philip M. Stone, Esq.
RE: Nosek v. Ameriquest

SEND TO:
Brian Hachey, Esq.
Ablitt & Caruolo, PC
333 North Avenue, 4th Floor
Wakefield MA 01880

FEES:
Postage
Certified Fee
Special
Restricted
TOTAL
POSTMARK OR DATE

July 23, 2004

Brian Hachey, Esq.
Ablitt & Caruolo, PC
333 North Avenue, 4th Floor
Wakefield, MA 01880


RE:    Jacalyn S. Nosek
       Chapter 13 Case No. 02-46025-JBR
       Your Client: Ameriquest Mortgage Company.


Dear Attorney Hachey:

I am writing to you on behalf of my client, Jacalyn S. Nosek, the Debtor in the above referenced bankruptcy case. In March, 2004, Ms. Nosek directly contacted the law firm of Ablitt & Caruolo, PC, and requested that a payment history for the past twelve months be sent to her

After several unsuccessful requests to obtain a payment history, she asked me to intercede.

On or about April 15, 2004, Michael Guarino, an employee of Ablitt & Caruolo, PC, advised my assistant, Hope Johnson, that written authorization from Ms. Nosek would be required before a payment history would be provided.

A release was duly prepared, signed by Ms. Nosek, and faxed to Mr. Guarino on April 26, 2004.

On May 5, 2004, a follow up call was made to Mr. Guarino by Ms. Johnson. Mr. Guarino claimed to have no records in his file, nor any memory of receiving the Release signed by Ms. Nosek.

The Release was faxed again to Mr. Guarino on May 5, 2004.

On May 10, 2004, Mr. Guarino faxed a 12 month payment history ("the Payment History"), to me.

The Payment History indicates that all payment made by Ms. Nosek were posted by

**EXHIBIT 6**

Brian Hachey, Esq.
Ablitt & Caruolo, PC
Page Two
July 23, 2004

Ameriquest to a escrow "Suspense Account".

The Payment History fails to properly reflect the dates payments were received by your law firm. In fact, it was agreed between Jennifer G. Haskell of your office and me that payments were to be sent directly to Ablitt & Caruolo, PC because of the accounting problems Ms. Nosek had experienced in the past with Ameriquest.

The Payment History fails to reflect all payments made by Ms. Nosek from January through May, 2004. Copies of receipts evidencing the dates and amounts of payments made by Ms. Nosek are attached

The Payment History incorrectly states the amounts due from Ms. Nosek pursuant to the terms of the Variable rate Note. According to letters from Ameriquest, also attached, the monthly payments of principal and interest due should be as follows:

| Effective Date | Amount |
|---|---|
| 07-01-2003 | $700.77 |
| 01-01-2004 | 672.37 |
| 07-01-2004 | 672.37 |

Ameriquest failed to apply overpayments made by Ms. Nosek to reduce the principal amount due.

By failing to properly post the dates on which payments were received, Ameriquest has assessed additional interest and finance charges against Ms. Nosek.

By failing to maintain accurate payment history records, Ameriquest has effectively denied Ms. Nosek an opportunity to re-finance her mortgage on advantageous terms, and to obtain a Discharge in her bankruptcy case.

I have been instructed by my client to move as quickly as possible to resolve this. To that end, I have prepared a complaint alleging violations by Ameriquest of various state and Federal statutes, including the Truth in Lending Act, 15 U.S.C. §§1601 *et seq.* ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, (ii) the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601 *et seq.* ("RESPA") and HUD implementing Regulation X, 24 CFR Part 3500, *et seq.* and (iii) Massachusetts General Laws Chapter 93A. I will defer filing that complaint so as to give your client the opportunity to comply with their statutory obligations.

Brian Hachey, Esq.
Ablitt & Caruolo, PC
Page Three
July 23, 2004

This is a written demand for relief pursuant to Massachusetts General Laws Chapter 93A, Sections 2, 9 and 11 for payment of damages suffered by Ms. Nosek as a consequence of Ameriquest's unfair and/or deceptive acts or practices. It is also a *Qualified Written Request* under the Real Estate Settlement Procedures Act, 12 USC §2605(e).

Please review the enclosed documents with your client, and get back to me with a proposal that addresses the both the accounting discrepancies, and as well as a means to make Ms. Nosek whole for the financial damages she has incurred as a result of Ameriquest's improper handling of her account, and the professional fees incurred by her.

Very truly yours,

Philip M. Stone

PMS/hs
enc.
cc: Client