## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

In re:

Jacalyn S. Nosek
        Debtor

Chapter 13
Case No:  02-46025-JBR

Jacalyn S. Nosek
        Plaintiff

Adversary Proceeding No. 04-04517

v.

Ameriquest Mortgage Company
        Defendant

### Affidavit of John H. Kelleher

I, John H. Kelleher, being duly sworn and under oath do hereby depose and say as follows:

1. I am a Certified Public Accountant licensed by the Commonwealth of Massachusetts since 1968 and attach a copy of my curriculum vitae.

2. I have reviewed the pleadings and discovery in the captioned matter including:

Complaint

5/4/05 depostion of Judi Rene Johnston

Ameriquest's Response to Request for Production of Documents

Debtor's Motion for Partial Summary Judgement, or in the alternate for Judgement on the Pleadings, on the Issue of Liability Only.

Memorandum in Support of Debtor's Motion

Affidavit of Jacalyn S. Nosek in Support of Debtor's Motion (consisting of 2 pgs with a 5 pg attachment)

Defendant Ameriquest Mortgage Company's Opposition to Plaintiff's Motion for Summary Judgment

3. In her 5 pg attachment to her 2 pg Affidavit Jacalyn S. Nosek says in pg 4 item III:

"Ameriquest use of suspense accounts is not based on any Generally Accepted Accounting Principles (GAAP)"

Included in GAAP is Statement on Auditing Standards (SAS) –55 which says, in part:

"The basic characteristics of internal controls provide a reasonable assurance that the entity's objectives will be achieved; however, the controls cannot provide absolute assurance that those objectives will be attained."

ie: in the best of accounting systems, innocent error will occur.

The use of suspense accounts is a common practice in financial and other institutions. In this instance, it is used to deposit and control, through suspense accounts, items for subsequent distribution and allocation to accounts.

Virtually every business that receives cash has a suspense account to capture and control deposits not immediately allocable.

Jacalyn S. Nosek's Affidavit is judgmental and conclusory and this is evidenced, in part, on the last page of her attachment where she says.. "(Ameriquest) lying and misrepresenting what would happen"... which, of course, is a question of fact.

4. My review of the documents indicates a series of complicated transactions which, referring to Jacalyn S. Nosek's Affidavit, take 5 pgs. to analyze. My review of the documents indicates that at least the following fact questions need to be resolved for each item:

Was the item properly identified and characterized by the remitter at time of remittance?

Was error made in processing the transaction?

If so, was the error innocent? ie: was it the type of error that occurs because, in accordance with GAAP, ... "the controls cannot provide absolute assurance that" ... errors will not occur

_____
John H. Kelleher

DATED: October 21, 2005

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK ss.                                          October 21, 2005

On this 21st day of October, 2005 before me, the undersigned notary public, personally appeared John H. Kelleher proved to me through satisfactory evidence of identification, which was a Massachusetts drivers license, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Notary Public
My commission expires:___12/24/10



**JOHN H. KELLEHER**

CERTIFIED PUBLIC ACCOUNTANT

137 South Street
Boston, MA 02111

Tel: (617) 451-9720
Fax: (617) 695-0519
Email: Kelleher@wwct.com

## CURRICULUM VITAE OF JOHN H. KELLEHER, CPA, ATTORNEY

### EDUCATION

Boston College, Bachelor of Science: Accounting, June 1968
Suffolk University, Juris Doctor, June 1972, Frederick A. McDermott Scholarship

### PROFESSIONAL

Coopers & Lybrand, November 1965-May 1972
Extensive experience in audit, tax and SEC fields in virtually all New England industries, including banks, investment companies, electronics, colleges, retail distributorships, publishing, light manufacturing, discount stores, retailers, municipal government, trusts, brokerage companies, utilities, charitable corporations, insurance, construction, etc. Periodically participated in firm training programs as both student and instructor, including assistance in preparing training and course material. Responsible for technical adequacy of data processing audits in the New England area.

Professor of Taxation and Accounting - Suffolk University
September 1973-June 1974

Self-Employed - May 1972-Present
Practice specializes in bankruptcy matters, business valuation, claims accounting, investigative auditing, and loss and damage consulting including fidelity and surety claims, business interruption losses, burglary claims and other claims where accounting records are used as a Proof of Loss and in malpractice claims, etc. Qualified and given testimony as an expert witness in both the Massachusetts and Federal Courts and in reference and arbitration proceedings.

Clients include; retail food, retail liquor, retail clothing, insurance agencies, real estate development, advertising, distributors, municipalities, professional entities, real estate management, electronics, nursing homes, hotel, commercial and residential rentals, light manufacturing, etc.

### ORGANIZATIONS

American Institute of Certified Public Accountants
Massachusetts Society of Certified Public Accountants
Massachusetts Bar Association
American Bar Association