**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

IN RE:

Jacalyn S. Nosek

| | |
|---|---|
| Ameriquest Mortgage Company<br><br>v.<br><br>Jacalyn S. Nosek | CHAPTER 13<br>CASE NO. 02-46025-JBR<br>AP NO. 04-04517 |

**DEFENDANT AMERIQUEST'S MOTION FOR RECONSIDERATION**

Now comes the Defendant Ameriquest and, pursuant to Fed. R. Civ. P. 59 and 9023, hereby requests the Court's reconsideration of the Rulings issued on October 25, 2005 granting Plaintiff Summary Judgment on Counts 2 and 3 of Plaintiff's Complaint. The Defendant respectfully submits that the Order contains manifest errors of law or fact. See Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607 (1st. Cir. 2000).

Count 2

The Defendant Ameriquest states that on September 8, 2004 (Exhibit 1), Attorney Ablitt responded to Attorney Stone. On September 21, 2004 (Exhibit 2) a payoff statement and letter detailing the status of the loan was provided to the Plaintiff and therefore Summary Judgment should not be granted as the Defendant complied with the 60 day provisions of RESPA. In In Re Tomasevic, 273 B.R. 682 (Bankr.M.D.Fla. 2002), the court determined that a servicer's failure to respond to one qualified written request did not amount to a "pattern or practice", wherefore there is no basis for granting Summary Judgment under RESPA.

1

Count 3

The Defendant hereby attaches Plaintiff's purported 93A letter (Exhibit 3). The letter fails to comply with the requirement of the statute that provides the demand letter is to be sent to the "prospective respondent". In this case Ameriquest would be the correct party to whom the demand letter should have been sent, but the letter was sent to Brian Hachey at Ablitt & Caruolo, PC[1]. The attorney or law firm is not the prospective respondent nor an agent for service of Ameriquest, therefore on its face and as a matter of law the plaintiff has failed to comply with the statutory requirement and Summary Judgment should not be entered. Further, the law calls for a finding of willful conduct on the part of the Defendant and that is a question of fact that should not be determined without a hearing on the merits.  See DiBona v. Furnace Brook Office Condominium Assoc., 2000 WL 804648 (Mass. Super.)

WHEREFORE, the Defendant requests the Court to amend or alter it's ruling regarding Counts 2 & 3 and deny Summary Judgment on those Counts.

/Is/Robert F. Charlton
BBO 081200
Ablitt & Charlton
92 Montvale Ave 2950
Stoneham, MA 02180
781 246 8995

November 3, 2005

---

[1] Attorney Hachey was no longer an associate of the firm, Ablitt & Caruolo, P.C., as of the date of the letter; Attorney Hachey left the firm on or about July 19, 2004.

2