*United States Bankruptcy Court*
*District of Massachusetts*

In re:                                     )
                                           )
JACALYN S. NOSEK,                          )        Chapter 13
                    DEBTOR.                 )        Case No. 02-46025 -JBR
_____            )
                                           )
JACALYN S. NOSEK,                          )        Adversary Proceeding
                    PLAINTIFF,              )        No. 04-4517
                                           )
v.                                         )
AMERIQUEST MORTGAGE COMPANY,)
                    DEFENDANT              )
_____            )

## DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [#41]

This matter having come before the Court on Defendant Ameriquest's Motion for

Reconsideration [#41] (the "Motion") and the Plaintiff/Debtor's Opposition [#43], after due

consideration of the Motion and the Opposition, the Court hereby makes the following findings

of fact and conclusions of law:

1. Ameriquest has filed its motion to reconsider so much of the Court's Order granting

the Plaintiff summary judgment with respect to liability only with respect to Counts 2 and 3

pursuant to Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023.

"[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to

present newly discovered evidence. A party may not submit evidence that is not newly

discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906,

909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for

reconsideration is appropriate when there has been a significant change in the law or facts since

the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger,* 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2. Although the Motion alleges that the Court committed a manifest errors of law and fact, it fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. Instead the Motion seeks to bring to the Court's attention additional affidavit testimony that Ameriquest could have, and frankly should have, filed as part of its opposition to the Plaintiff's motion for summary judgment.

3. Ameriquest cites case law from 2002 in support of its argument that the Court erred in finding Ameriquest's failure to respond to only one qualified written request pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617. In addition to ignoring the fact that this case law existed well before the above adversary proceeding even began, Ameriquest's argument contains a factual misstatement, namely that the Court found Ameriquest engaged in a pattern of not properly responding to qualified requests upon only one instance, and indeed now disputes that it did not respond to the request in question. Instead this Court relied upon several instances in which Ameriquest failed to respond to qualified requests. Indeed Ameriquest's attempts to play "fast and loose" with the payment history of the Plaintiff's account during discovery lead this Court, in the main case, to sanction Ameriquest for twice failing to comply with Court orders requiring the creditor to file a memorandum as to Ameriquest's right to use so-called expense accounts. And, as noted above, the time for Ameriquest to have made its argument was when it filed its opposition and affidavit in opposition to the motion for summary judgment, not after the granting of said motion.

2

4.  Similarly, Ameriquest now argues for the first time that the Plaintiff's Chapter 93A demand letter was inadequate as it was addressed to its counsel rather than Ameriquest itself. The time to raise this argument was when the Plaintiff sought partial judgment that Ameriquest violated M.G.L. c. 93A not in a motion for reconsideration. *Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Industries, Inc.*, 37 F.3d 25, 29 (1st Cir. 1994)("This court has explained that a motion under Rule 59(e) is not appropriately used to present new issues or evidence: Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to argue a new legal theory.").

For the foregoing reasons, the Motion is hereby DENIED.

Dated: November 17 2005

Joel B. Rosenthal
United States Bankruptcy Judge.

3