*United States Bankruptcy Court*
*District of Massachusetts*

In re: )
    JACALYN S. NOSEK, ) Chapter 13
                DEBTOR. ) Case No. 02-46025-JBR
                            )
JACALYN S. NOSEK, )
                PLAINTIFF, )
v. ) AP No. 04-4517
AMERIQUEST MORTGAGE COMPANY, )
                DEFENDANT. )
                            )

### DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [# 100]

This matter having come before the Court on the Plaintiff's Motion Pursuant to Fed. R. Civ. P. 59(e) and Fed R. Bankr. P. 9023 for Reconsideration RE: Order of March 8, 2006 RE: Plaintiff's Motion Pursuant to Bankruptcy Rule 7015(b) to Amend Pleadings to Conform to the Evidence (the "Motion") after due consideration of the Motion and related pleadings, the Court hereby makes the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v.*

*National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

    2. The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. Although the Motion alleges that the Court committed an error of law, the Motion fails to satisfy the standard set forth by the First Circuit in determining whether implied consent to the amendment of a pleading was given.

> 3.    For purposes of Rule 15(b), implied consent to the litigation of an unpleaded claim may arise from one of two generic sets of circumstances. First, the claim may actually be introduced outside the complaint--say, by means of a sufficiently pointed interrogatory answer or in a pretrial memorandum--and then treated by the opposing party as having been pleaded, either through his effective engagement of the claim or through his silent acquiescence. *See, e.g., Action Mfg., Inc. v. Fairhaven Textile Corp.*, 790 F.2d 164, 167 (1st Cir.) (as amended per curiam) ("As a general principle the presentation of claims beyond the complaint without objection is considered an informal amendment of the complaint."), *cert. denied*, 479 U.S. 854, 107 S.Ct. 188, 93 L.Ed.2d 122 (1986); *see also Lynch v. Dukakis*, 719 F.2d 504, 508 (1st Cir. 1983). Second, and more conventionally, "[c]onsent to the trial of an issue may be implied if, during the trial, a party acquiesces in the introduction of evidence which is relevant only to that issue." *DCPB, Inc. v. City of Lebanon*, 957 F.2d 913, 917 (1st Cir. 1992); *accord Law v. Ernst & Young*, 956 F.2d 364, 375 (1st Cir. 1992); *Campana*, 755 F.2d at 215; *Lynch*, 719 F.2d at 508. In other words, "[t]he introduction of evidence directly relevant to a pleaded issue cannot be the basis for a founded claim that the opposing party should have realized that a new issue was infiltrating the case." *DCPB*, 957 F.2d at 917; *accord Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 (9th Cir.1986) ("It is not enough that an issue may be 'inferentially suggested by incidental evidence in the record'; the record must indicate that the parties understood that the evidence was aimed at an unpleaded issue.") (quoting *Cole v. Layrite Prods. Co.*, 439 F.2d 958, 961 (9th Cir.1971)).

*Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995).

    4. As with the original Motion to Amend, the instant Motion fails to allege, much less demonstrate, that the evidence which was admitted without objection goes *only* to the count which the Debtor now seeks to add.

For the foregoing reasons, the Motion is hereby DENIED.

Dated: March 21, 2006

Joel B. Rosenthal
United States Bankruptcy Judge.