**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 Bankruptcy |
| | ) | |
| Jacacalyn S. Nosek | ) | Case No. 02-46025-JBR |
| | ) | |
| Debtor. | ) | Adversary No. 04-04517 |
| | ) | |
| JACALYN S. NOSEK, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| Vs. | ) | |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

**DESIGNATION OF RECORD AND STATEMENT OF ITEMS TO BE PRESENTED ON APPEAL BY AMERIQUEST MORTGAGE COMPANY FROM ORDER OF THE BANKRUPTCY COURT ENTERED JUNE 30, 2006**

Ameriquest Mortgage Company ("Ameriquest"), by and through its counsel, hereby submits the following statement of issues on appeal and designation of items to be included in the appellate record to the United States District Court for the District of Massachusetts, Western Division.

**STATEMENT OF ISSUES**

1. Whether the Bankruptcy Court erred in ruling that the July 23, 2004 letter from counsel for Jacalyn Nosek ("Plaintiff/Appellee") to counsel for Ameriquest constituted a qualified written request under 11 U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act ("RESPA").

2. Whether the Bankruptcy Court erred in ruling that Plaintiff/Appellee had a valid claim against Ameriquest under § 2605(f) of RESPA (for damages, attorney's fees or costs)

once the Court determined that Plaintiff/Appellee did not suffer any damages as a result of the supposed violation of RESPA.

   3.  Whether the Bankruptcy Court erred in not ruling that any claim by Plaintiff/Appellee against Ameriquest under RESPA (for damages, attorneys' fees or costs) was preempted by Title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

   4.  Whether the Bankruptcy Court erred in ruling that Plaintiff/Appellee had a valid claim against Ameriquest under Mass.G.L., c. 93A, §§ 2 and 9 (for damages, attorneys' fees or costs) once the Court determined that Plaintiff/Appellee did not suffer any damages as a result of the supposed violation of Mass.G.L., c. 93A, §§ 2 and 9.

   5.  Whether the Bankruptcy Court erred in not ruling that any claim by Plaintiff/Appellee against Ameriquest under Mass.G.L., c. 93A, §§ 2 and 9 (for damages, attorneys' fees or costs) was preempted by the Bankruptcy Code and the Bankruptcy Rules.

   6.  Whether the Bankruptcy Court erred in not ruling that any claim for breach of an "implied covenant of good faith and fair dealing" (under Massachusetts law) was preempted by the Bankruptcy Code and the Bankruptcy Rules.

   7.  Whether the Bankruptcy Court erred in determining that an "implied covenant of good faith and fair dealing" under Massachusetts law applies to a Chapter 13 plan.

   8.  Whether the Bankruptcy Court erred in ruling that creditors, such as Ameriquest, have an "implied covenant of good faith and fair dealing" with respect to a Chapter 13 plan or their post-petition dealings with a debtor.

   9.  Whether the Bankruptcy Court erred in considering facts that arose prior to confirmation of the Plaintiff/Appellee's Chapter 13 plan in determining that Ameriquest breached

the supposed implied covenant of good faith and fair dealing under Plaintiff/Appellee's Chapter 13 plan.

10. Whether the Bankruptcy Court erred in determining that Ameriquest's internal accounting practices violate the supposed "implied covenant of good faith and fair dealing" under Plaintiff/Appellee's Chapter 13 plan.

11. Whether the Bankruptcy Court erred in ruling that a mortgage servicing company such as Ameriquest is required to internally account for post-petition payments in the same manner provided for in a Chapter 13 plan.

12. Whether the Bankruptcy Court erred in ruling that Plaintiff/Appellee was entitled to emotional damages for a supposed breach of an implied covenant of good faith and fair dealing.

13. Whether the Bankruptcy Court erred in ruling that Ameriquest's supposed breach of the implied covenant of good faith and fair dealing was particularly likely to cause serious emotional damage to Plaintiff/Appellee.

14. Whether the Bankruptcy Court erred in determining that Plaintiff/Appellee suffered $250,000 in emotional damages as a result of the supposed breach of the implied covenant of good faith and fair dealing.

## DESIGNATION OF ITEMS FOR RECORD

Ameriquest designates the follow items for the record:

| Filing Date | Adversary Proceeding Docket No. | Description of Item |
|---|---|---|
| 12/02/2004 | 1 | Complaint |
| 1/03/2005 | 5 | Answer of Defendant, Ameriquest Mortgage Company, to Complaint for Adversary Proceedings of Plaintiff, Jacalyn S. Nosek |
| 9/14/2005 | 27 | Debtor's Motion for Partial Summary Judgment, or in the alternate for Judgment on the Pleadings, on the Issue of Liability Only |
| 9/14/2005 | 28 | Affidavit of Jacalyn S. Nosek in Support of Debtor's Motion for Partial Summary Judgment, or in the alternate for Judgment on the Pleadings, on the Issue of Liability Only |
| 9/14/2005 | 29 | Memorandum in Support of Debtor's Motion for Partial Summary Judgment, or in the alternate for Judgment on the Pleadings, on the Issue of Liability Only |
| 9/15/2005 | 30 | Exhibits (1-19) in Support of Memorandum in Support of Debtor's Motion for Partial Summary Judgment, or in the alternate for Judgment on the Pleadings, on the Issue of Liability Only |
| 9/19/2005 | 31 | Joint Pre-Trial Memorandum |
| 10/04/2005 | 35 | Defendant Ameriquest Mortgage Company's Opposition to Plaintiff's Motion for Summary Judgment |
| 10/24/2005 | 37 | Affidavit of John H. Kelleher |
| 10/24/05 | 38 | Affidavit of Natasha Pavloff |
| 10/26/2005 | 39 | Order re Debtor's Motion for Partial Summary Judgment, or in the Alternate for Judgment on the Pleadings, on the Issue of Liability Only and #35 Opposition of Defendant, Ameriquest Mortgage Company |
| 11/03/2005 | 41 | Defendant Ameriquest's Motion for Reconsideration |
| 11/11/2005 | 43 | Plaintiff/Debtor's Opposition to Defendant Ameriquest Mortgage Company's Motion for Reconsideration |
| 11/17/2005 | 45 | Decision and Order Regarding Motion for Reconsideration (#41) |
| 11/22/2005 | 48 | Transcript of Portion of Hearing Only – Decision; (#27) Debtor's Motion for Partial Summary Judgment, or, in the Alternative for Judgment on the Pleadings, on the Issue of Liability Only, and (#35) Opposition of Defendant Before the Honorable Joel B. Rosenthal, Jr., J.U.S.B.C. |
| 12/22/2005 | 69 | Defendant Ameriquest Mortgage Company's Motion for a Judgment on Partial Findings Pursuant to F.R.C.P. Rule |

| Filing Date | Adversary Proceeding Docket No. | Description of Item |
|---|---|---|
| | | 52(c) |
| 12/23/2005 | 71 | Transcript of Hearing On (October 25, 2005, 11:36 am): (Doc. No. #27) Debtor's Motion for Partial Summary Judgment, Or, In The Alternative for Judgment on the Pleadings, on the Issue of Liability Only, And; (Doc. No. 35) Opposition of Defendant Before the Honorable Joel B. Rosenthal, Jr., J.U.S.B.C. |
| 12/23/2005 | 72 | Transcript of Hearing (November 17, 2005) On: (Doc. No. 41) Defendant's Motion for Reconsideration; (Doc. No. 43) Opposition of Plaintiff |
| 1/12/2006 | 74 | Transcript of Trial in the Adversary – Day One (November 28, 2005) |
| 1/13/2005 | 75 | Transcript of Trial in the Adversary – Day Two (November 30, 2005) |
| 1/17/2006 | 77 | Transcript of Trial in the Adversary – Day Four (December 22, 2005 – 9:37 a.m.) |
| 1/17/2006 | 78 | Transcript of Trial in the Adversary – Day Four (December 22, 2005 – 1:39 p.m.) |
| 2/3/2006 | 83 | Transcript of Trial in the Adversary – Day Five (January 19, 2006) |
| 2/3/2006 | 84 | Transcript of Trial in the Adversary – Day Six (January 20, 2006) |
| 2/20/2006 | 87 | Plaintiff Jacalyn S. Nosek's Requests for Findings of Fact and Rulings of Law |
| 2/22/2006 | 91 | Order (re Findings of Fact and Rulings of Law, Doc. No. 87) |
| 2/25/2006 | 92 | Plaintiff Jacalyn S. Nosek's Requests for Findings of Fact and Rulings of Law (Revised) |
| 2/25/2006 | 93 | Response of Plaintiff's Counsel |
| 3/24/2006 | 103 | Transcript of Final Argument at the Conclusion of Trial in the Adversary – Day seven (Doc. No. 90) – Page 2 – Plaintiff's Motion Pursuant to Bankruptcy Rule 7015(b) to Amend Pleading to Conform to the Evidence; (Doc. No. 95) Opposition of Defendant Before the Honorable Joel B. Rosenthal, Jr., J.U.S.B.C. |
| 6/15/2006 | 108 | Plaintiff's Motion to Assess Attorney's Fees and Costs |
| 6/15/2006 | 109 | Affidavit of Philip M. Stone, Esq. in Support of Motion to Assess Attorney's Fees and Costs |
| 6/30/2006 | 110 | Order (re Memorandum of Decision) |
| 7/10/2006 | 114 | Notice of Appeal |
| 7/10/2006 | 116 | Election by Appellant to Have Appeal Heard by the United States District Court |
| 7/10/2006 | 117 | Notice of Filing of Appeal to District Court |

| Filing Date | Bankruptcy Proceeding Docket No. | Description of Item |
|---|---|---|
| 10/02/2002 | 1 | Voluntary Chapter 13 Petition |
| 11/01/2002 | 8 | Schedules A-J |
| 11/01/2002 | 9 | Statement of Financial Affairs |
| 02/11/2003 | 25 | Objection By Debtor To Proof of Claim of Ameriquest Mortgage Company |
| 02/19/2003 | 26 | Response By Ameriquest Mortgage Company To Objection by Debtor To Proof of Claim of Ameriquest Mortgage Company |
| 04/08/2003 | 37 | Order Regarding Debtor's Objection To Proof of Claim of Ameriquest Mortgage Company |
| 06/18/2003 | 45 | Stipulation By Creditor Ameriquest Mortgage Company and Debtor Jacalyn S. Nosek Re: Motion By Ameriquest Mortgage Company For Relief from Automatic Stay |
| 06/20/2003 | 46 | Assented to Motion to Approve Stipulation By Creditor Ameriquest Mortgage Company and Debtor Jacalyn S. Nosek Re: Motion By Ameriquest Mortgage Company For Relief from Automatic Stay |
| 06/19/2003 | 49 | Order Granting Assented to Motion to Approve Stipulation By Creditor Ameriquest Mortgage Company and Debtor Jacalyn S. Nosek Re: Motion By Ameriquest Mortgage Company For Relief from Automatic Stay |
| 12/01/2003 | 66 | Second Amended Chapter 13 Plan |
| 01/16/2004 | 79 | Order Confirming Second Amended Chapter 13 Plan |
| 08/11/2004 | 92 | Motion to Determine Amount of Liens |
| 09/23/2004 | 100 | Statement and Accounting |
| 11/09/2004 | 109 | Supplemental Verified Response of Ameriquest Mortgage Company to Court Order Regarding Memorandum on Suspense Accounts; Affidavit of Ben Vittali in Support Thereof |
| 02/21/2006 | 126 | Defendant Ameriquest Mortgage Company's Request for Findings of Fact and Conclusions of Law Pursuant to B.R. 7052 and 9033 |
| 11/01/2002 and 05/05/2003 | Claim Nos. 1 and 16 | Proof of Claim and Amended Proof of Claim of Ameriquest Mortgage Company |

                                                           Respectfully Submitted,

Dated: July 20, 2006                        Ameriquest Mortgage Company
                                                           By Its Attorneys

                                                           ABLITT & CHARLTON, PC


                                                           <u>/Is/, Steven A. Ablitt</u>
                                                           Steven A. Ablitt (BBO 641316)
                                                           Robert F. Charlton (BBO 081200)
                                                           92 Montvale Avenue, Suite 2950
                                                           Stoneham, Massachusetts 02180
                                                           (781) 246-8995 Telephone
                                                           (781) 246-8994  Facsimile
                                                           sablitt@acdlaw.com

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I have this day served a copy of the foregoing, DESIGNATION OF RECORD & STATEMENT OF ITEMS TO BE PRESENTED ON APPEAL, by mailing a copy first-class, postage prepaid or by serving electronically via CM/ECF, to the following parties:

DATED: 7-20-06                                               <u>/Is/, William J.Amann</u>


**Attorney Philip M. Stone**
44 Front Street
Worcester, MA 01608

**Richard King**
Office of U.S. Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

**Denise M. Pappalardo**
P.O. Box 16607
Worcester, MA 01601