# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re: ) | |
| ) | |
| JACALYN S. NOSEK, ) | Chapter 13 |
| DEBTOR. ) | Case No. 02-46025 -JBR |
| _____) | |
| ) | |
| JACALYN S. NOSEK, ) | Adversary Proceeding |
| PLAINTIFF, ) | No. 04-4517 |
| ) | |
| v. ) | |
| AMERIQUEST MORTGAGE COMPANY,) | |
| DEFENDANT ) | |
| _____) | |

**MEMORANDUM OF DECISION ON MOTION TO ASSESS ATTORNEY'S FEES AND COSTS**

This matter came before the Court for hearing on the Plaintiff's Motion to Assess Attorney's Fees and Costs [#108] in which the Plaintiff seeks fees and costs in the amount of $86,215.00 and $2,395.80, respectively, and the Opposition of Ameriquest Mortgage Company [#118]. For the reasons set forth herein, the Motion is ALLOWED, albeit in an amount significantly lower than that requested.

**Background**

The facts established after trial in this adversary proceeding are set forth in *In re Nosek*, 2006 WL 1867096, *6 (Bankr. D. Mass. June 30, 2006). The facts pertinent to the issues now before the Court can be summarized as follows.

The Plaintiff filed a multi-count complaint against the Defendant. She obtained partial summary judgment as to the issues of liability on two of those counts, namely that the Defendant

violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), by failing to respond to the Plaintiff's July 23, 2004 qualified written request, which, in turn, is a *per se* violation of M.G.L. c. 93A ("Chapter 93A").[1]  The Court left the issue of the amount of damages for trial.  Following trial, the Court awarded the Plaintiff only $1.00 for damages under RESPA, stating:

> In the instant case, the Plaintiff failed to establish how she was damaged by the Defendant not responding to her qualified written request.  In testimony, the Plaintiff suggested that due to the Defendant's failure to respond, she was unable to refinance her mortgage.  While the Court is sympathetic and may agree with the Plaintiff's assertion, she did not provide a basis to award actual damages.  No documents were offered as evidence of the proposed refinancing.  No evidence was proffered [that] refinancing was even offered; there is no evidence of the terms of a refinancing which the Plaintiff could expect to receive.  The Court only heard the testimony of the Plaintiff.  The Court does not mean to suggest that the testimony was not credible.  In the instant case, the Court found all of the witnesses to be credible.  *Instead the Court is frustrated because it was not provided with any numbers upon which to calculate an award for actual damages.*

*Id.* at *5 (emphasis added).

While acknowledging that RESPA damages may include emotional distress damages, the Court denied an award for emotional damages and noted "[i]n order to award emotional distress damages for the RESPA violation, the Plaintiff must show a causal link between the violation and the emotional distress. The Plaintiff failed to do this." *Id.* at *6.  Similarly, finding that the Plaintiff's proof of actual damages under Chapter 93A suffered the same infirmities as that proffered to establish actual damages under RESPA, the Court awarded the Plaintiff statutory

---

[1]The Defendant's opposition to the summary judgment motion argued that the motion was filed two days after the deadline set by the Pretrial Order.  The two affidavits submitted in opposition to the summary judgment motion do not address the RESPA issue.

damages of $25.00. *Id.* at *8. For the same reasons as stated under Count Two, the Court finds that the Plaintiff provided insufficient evidence upon which the Court may base damages." But this does not mean that the Court did not find that the Plaintiff had been damaged. To the contrary, the Court found she had been harmed as part of its decision to grant partial summary judgment on the issue of liability under RESPA and Chapter 93A. The Plaintiff's failure of proof related to the lack of evidence quantifying the harm and thus the Court limited the damages to the statutory amounts.

The Plaintiff also prevailed on her claim for breach of the covenant of good faith and fair dealing and was awarded $250,000. Judgment entered for the Defendant on three of the remaining counts.[2] Following entry of judgment, the Plaintiff filed her Motion to Assess Attorney's Fees and Costs. In the Motion, she requests attorney's fees and costs incurred during the period from February 2004 through May 2006 although the bulk of the work was done in connection with the trial. The fee application has been prepared with the detail required by MLBR 2016-1.

The Defendant filed a notice of appeal but, assuming that the judgment is final, this Court has jurisdiction to hear the request for attorney's fees. *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 450 at n.14, 102 S.Ct. 1162, 1166 at n.14, 71 L.Ed.2d 325 (1982). The award of attorneys fees, although based upon success in the underlying action, are not part of the compensation for the injury giving rise to the action. Nevertheless, the Plaintiff's claim for intentional infliction of emotional distress is yet to be decided.

---

[2]Judgment entered for the Defendant on Count One (Truth in Lending violation), Count Four (unjust enrichment), Count Seven (lost income). The Court lacked jurisdiction to try Count Six, a claim for intentional infliction of emotional distress.

**Position of the Parties**

The Plaintiff asserts she is entitled to recover all of her fees and costs, including those incurred prior to the qualified written request under RESPA and those incurred in connection with exploring the possibility of filing a class action. She argues she is entitled to recover for work done because the counts all arise from one common set of facts.

The Defendant argues that the Plaintiff cannot be awarded any damages as her RESPA claim was not a "successful action," an award of nominal damages is an insufficient basis for the award under RESPA and Chapter 93A, and that RESPA preempts an award of attorney's fees under chapter 93A. Alternatively, the Defendant argues that if the Court does award attorney's fees, most of the fees sought are not recoverable as they did not relate to either the RESPA and Chapter 93A counts.

**Discussion**

Under the so-called "American Rule," "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). "[W]hen Congress has chosen to depart from the American rule by statute, virtually every one of the more than 150 existing federal fee-shifting provisions predicates fee awards on some success by the claimant; while these statutes contain varying standards as to the precise degree of success necessary for an award of fees--such as whether the fee claimant was the 'prevailing party,' the 'substantially prevailing' party, or 'successful' --the consistent rule is that complete failure will not justify shifting fees from the losing party to the winning party." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684, 103 S.Ct. 3274, 3277 (1983).

Massachusetts has also provided for fee shifting in Chapter 93A cases whenever the court finds a violation of Chapter 93A § 2. M.G.L. c. 93A § 9(4). Thus as with the federal fee shifting statutes, success in the Chapter 93A action is fundamental to any award of attorneys' fees.

Attorneys' Fees under RESPA

11 U.S.C. § 2605(f) provides in pertinent part:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
> (1) Individuals: In the case of any action by an individual, an amount equal to the sum of--
> (A) any actual damages to the borrower as a result of the failure;
> ***
> (3) Costs: In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

The Defendant is correct in its assertion that absent damages caused by a RESPA violation, there is no "successful action" under RESPA. *Collier v. Wells Fargo Home Mortgage*, 2006 WL 146170, *6 n.9 (N.D. Tex. May 26, 2006); *Caddell v. Citimortgage, Inc.*, 2006 WL 625970, *6 n.9 (N.D. Kan. Feb. 14, 2006); *Hutchinson v. Delaware Savings Bank*, 410 F. Supp.2d 374, 348 (D.N.J. 2006); *Byrd v. Homecoming Financial Network*, 407 F. Supp.2d 937, 946 (N.D.Ill. 2005); *Cortez v. Keystone Bank*, 2000 WL 536666, *12 (E.D.Pa. May 2, 2000). The Defendant, however, is incorrect in asserting that the Plaintiff suffered no actual damage from its RESPA violation. There is a difference between a plaintiff's inability to quantify her damages and suffering no damages. In the former instance, nominal damages may be awarded;

5

such an award supports a finding of liability. Although there are no RESPA cases addressing this issue, the cases involving other fee-shifting statutes support this notion. *See Potomac Elec. Power Co. v. Electric Motor and Supply, Inc.*, 262 F.3d 260, 265-66 (4th Cir. 2001), *cert. denied*, 535 U.S. 927, 122 S. Ct. 1297, 152 L.Ed. 2d 209 (2002)(award of nominal damages is sufficient to support liability under RICO). In the instant case the Plaintiff testified that she was unable to refinance her mortgage as a result of the RESPA violation and the Court found her testimony credible. As noted the Court was frustrated because it was not provided with the calculations upon which to base an award. Thus, because the Court refused to speculate as to the amount of actual damages, it awarded nominal damages instead.

As the Supreme Court has instructed in *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), "a plaintiff who wins nominal damages is a prevailing party under § 1988." "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of a fee award vel non." *Texas State Teachers Ass' v. Garland Independent School Dist*., 489 U.S. 782, 792-93, 109 S.Ct. 1486, 1494, 103 L.Ed.2d 866 (1989). This same test should be applied to RESPA actions. Although RESPA uses the words "successful action" rather than "prevailing party," the intent is the same. *Ruckelshaus*, 463 U.S. at 684, 103 S.Ct.3277.

Moreover, in the recent case, *Boston's Children First v. City of Boston*, 395 F.3d 10 (1st Cir. 2005), the First Circuit reviewed the *Farrar* opinion and determined that *Farrar's* holding "recognizes that nominal damages are 'a material alteration of the legal relationship between the

parties' because '[a] judgment in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.'" *Id.* at 14-15 (quoting *Farrar*, 506 U.S. 103, 112, 113 S.Ct. 566). The Plaintiff achieved an award of damages, albeit nominal and therefore her RESPA action was successful.

Having found that the Plaintiff's action was successful, the statute mandates an award of attorney's fees. It is only the amount of the award left to the Court's discretion. *de Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 233 (1st Cir. 1990)(successful action under Truth in Lending Act compelled award of attorneys' fees).

Attorney's fees under chapter 93A

The Court need not linger over the Defendant's threshold argument that the Bankruptcy Code preempts the Plaintiff's right to seek fees under RESPA. It does not. The Defendant's reliance upon *Walls v. Wells Fargo, N.A.*, 276 F.2d 502 (9th Cir. 2002) is misplaced. Recognizing that there is case law to the contrary, the *Walls* court joined those courts that have found the attempted use of the Fair Debt Collections Practices Act ("FDCPA") to address alleged violations of the discharge injunction of § 524 of the Bankruptcy Code improper.

> The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105. To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door--a private right of action. This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt.

*Id.* at 510. In the instant case the Plaintiff has not yet received a discharge.

The Defendant also argues that the Plaintiff's award of nominal damages under Chapter

7

93A was based upon the finding that its RESPA violation was a *per se* violation of Chapter 93A. Under *Hershenow v. Enterprise Rent-A-Car*, 445 Mass. 790, 840 N.Ed2d 526 (2006), a mere technical violation, without more, does not support a claim under Chapter 93A. In other words, as with RESPA, a plaintiff must prove that she was damaged. But as set forth above, Chapter 93A does not require *quantification* of those damages any more than RESPA does. Instead the statutory damages stands to compensate harm that is otherwise not quantifiable. As with RESPA, the amount of the award reflects upon the reasonableness of the fees; it does not bar their award.

Amount of Fees

Before deciding the amount to be awarded, the Court will address the arguments raised by the Defendant with respect to certain categories of fees. First, the Defendant asserts, without citation, that neither the specific RESPA violation at issue herein nor Chapter 93A permit a plaintiff to recover attorneys' fees incurred prior to a the date when a response to a letter is due. Nothing in the statutes language compels such a conclusion. Moreover common sense dictates that competent counsel would research and investigate the alleged violations before any demand is sent. Common sense dictates that such services should be included in the award.

The Defendant argues that time spent exploring whether this case should be expanded into a class action should not be included in the fee award. The Plaintiff's attorney counters that he had conversations with other practitioners who had clients whose mortgagees were held by the Defendant as well as consultations with seasoned trial attorneys. This is not an unreasonable practice. To the contrary it reflects prudent practice.

The Defendant asks the Court to deny compensation for the time spent in preparing the

Plaintiff's unsuccessful post-trial motion to amend the complaint. The Court agrees this time should not be included. Similarly the time spent by the Plaintiff's counsel on the issue of this Court's jurisdiction over the claim for intentional infliction of emotional distress cannot be charged to the Defendant. The Court also agrees that the 0.35 of an hour spent in connection with the Chapter 13 Trustee's motion to dismiss is incorrectly included in the fee application.

Finally the Court turns to the Defendant's argument that the Plaintiff is not entitled to fees incurred in connection with the trial. As the Court has previously stated, the Defendant's conclusion that the Plaintiff "lost" at trial is not correct. The Plaintiff failed to quantify her damages; she was able to sustain her burden that she was damaged by the Defendant's actions. Nevertheless, the Court is mindful that the ultimate award under the fee-shifting counts was only $26.00. Moreover, the Defendant's liability under these counts was established prior to the trial when the Defendant failed to challenge the Plaintiff's motion for partial summary judgment on the issue of liability under RESPA and Chapter 93A. Further, the Court is mindful that the Plaintiff's failure to quantify her damages, while not fatal to her establishing that she had been harmed, is relevant to the reasonableness of attorney's fees incurred in connection with the trial. The only issue to be tried under the RESPA and Chapter 93A counts was the extent of her damages but the Plaintiff did not quantify that amount at trial. Nevertheless the same facts relevant to her claims of injury under RESPA and Chapter 93A also proved her successful breach of covenant claim. They are sufficiently intertwined that it would be a waste of the Plaintiff's counsel's time and this Court's resources to attempt to assign each separate time entry to only one cause of action. Such an exercise of frustration and perhaps futility is not required. *Rini v. United Van Lines, Inc.*, 903 F. Supp. 234, 238 (D. Mass. 1995); *Wasserman v.*

*Agnostopoulis*, 22 Mass. App. Ct. 672, 682, 497 N.E.2d 19 (1986).

      This Court is experienced in reviewing fee petitions and awards attorneys' fees. It is an important aspect of many of the bankruptcy cases that come before the Court on a regular basis. The Court has reviewed numerous applications such as the one currently before the Court. The Court is quite familiar with this adversary proceeding and the efforts of the Plaintiff's counsel. The Court recognizes that this case is the result of a long and arduous course between the parties. To a great extent the Defendant has participated in, if not directly caused, the Plaintiff to incur many of the fees requested. On balance after reviewing the time records submitted and in light of the awards under RESPA and Chapter 93A, the Court awards attorneys' fees in the amount of $45,000 and costs of $2,395.80.

      A separate order will issue.

Dated: September 19, 2006

                                                          Joel B. Rosenthal
                                                          United States Bankruptcy Judge