UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

Jacalyn S. Nosek
Debtor

Chapter 13
Case No.: 02-46025-JBR

Jacalyn S. Nosek
Plaintiff/Appellant
v.
Ameriquest Mortgage Company
Defendant/Appellee

Adversary Proceeding No. 04-04517

**Plaintiff Jacalyn S. Nosek's Motion to Dismiss Appeal filed on September 29, 2006 by Ameriquest Mortgage Company (Docket Item #148)**

Now comes Plaintiff Jacalyn S. Nosek, and moves this Honorable Court to dismiss the appeal filed on September 29, 2006, by Ameriquest Mortgage Company as being premature; no judgment has yet entered in this case.

In support of this motion, Plaintiff/Appellant Jacalyn S. Nosek says as follows:

1. On September 19, 2006, this Court issued its *Memorandum of Decision* (Docket Item #144) and accompanying *Order* (Docket Item #145) on the Plaintiff Nosek's *Motion to Assess Attorney's Fees and Costs.*
2. On September 29, 2006, Ameriquest Mortgage Company filed its *Notice of Appeal* (Docket Item #148) from the *Order* awarding Nosek attorney's fees and costs, and also elected to have that appeal heard by the U.S. District Court (Docket Item #149).
3. All adversary proceedings conclude with entry of a judgment. Bankruptcy Rule 7054 states that Fed. R. Civ. P. Rules 54(a)-(c) applies in adversary proceedings.

4. Fed. R. Civ. P. Rules 54(a)-(c) says

**Rule 54. Judgments; Costs**

(a) Definition; Form.

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.

6. **Bankruptcy Rule 9021 - Entry of Judgment** says:

Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.

7. **Rule 58. Entry of Judgment** says:

.. upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, *the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court.* (emphasis added)

8. Similarly, Official Form 32 contained in the Federal Rules of Court of Massachusetts "Judgment on Decision by the Court" states that the clerk is to prepare, sign and enter the judgment.

9. **Bankruptcy Rule 5003. Records Kept By the Clerk** says:

(a) Bankruptcy dockets.

The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the

Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made.

10. The language in the first sentence of Bankruptcy Rule 5003 refers to judgments and orders as being two separate types of documents.

11. Some non-interlocutory matters heard by the U.S. Bankruptcy Court do in fact conclude with issuance of an Order.

12. The most common example is a creditor's motion for relief from the automatic stay, which is immediately appealable. In fact, Massachusetts Local Bankruptcy Rules R. 4001-(a) requires that a Proposed Order be filed with the motion for relief.

13. As of this date, there is still no *Judgment* signed by the Clerk, nor an entry of Judgment appearing on the Docket, in this adversary proceeding.

14. The issue of the importance of a Judgment being issued and docketed has been addressed by the 1st Circuit decision in *Willhauck v. Halpin*, 919 F.2d 788 (1st Cir.1990), which said that:

> "The Supreme Court and this Court have interpreted these rules fairly strictly. In *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), a unanimous Supreme Court held that a district court failed to meet the Rule 58 "separate document" mandate where its judgment was not recorded on a separate document. The Court stated that Rule 58 "must be mechanically applied to avoid new uncertainties as to the date on which a judgment is entered." *Id*. at 222, 93 S.Ct. at 1565, 36 L.Ed.2d at 207. Lacking a proper final judgment, the Court determined that the time for appeal in the case had not begun to run. *Id*. Following the Supreme Court's lead, we pointed out in *Alman*: "even a decision that completely disposes of a case's merits can

lack finality for the purposes of section 1291 *if it fails to comport with the technical dictates of Rules 58 and 79(a)* of the Federal Rules of Civil Procedure." *Id*. at 842 (citing *Indrelunas*, supra)(emphasis in original). *Willhauck v. Halpin*, 919 F.2d at 793-794.

15. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d **§2651 - Definition of a "Judgment"** say that:

"To be a "final" order or judgment for purposes of appeal, there must be some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as the court is concerned, is the end of the case." *Goodwin v. U.S.*, 67 F.3d 149 (8th Cir. 1995); "[G]enerally, an order is "final" and appealable if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Durability, Inc.*, 893 F.2d 264 (10th Cir.1990).

16. In this Adversary Proceeding no *Execution* could properly issue at this time, since no entry of Judgment appears on the Docket.

17. The issuance and docketing of a single document captioned "Judgment" triggers the appeal period.

18. The current procedural posture of this case is exactly what the Rules were intended to prevent - a piecemeal appeal.

19. As a consequence, the prevailing Plaintiff has been prejudiced. The Plaintiff has appealable issues which include (1) the denial of her motion to amend the Complaint to assert an additional cause of action, and (2) the larger question where she argues that the Bankruptcy Court's findings on Count V - the breach of the covenant of good faith and fair dealing - also constitute a finding that Ameriquest violated M.G.L. c.

93A, thus entitling Ms. Nosek to an award of multiple damages of the $250,000.00 already awarded by the Bankruptcy Court, as well as the full amount of the attorneys fees.

20. Once the Bankruptcy Court issues a Judgment, the parties can exercise their post judgment remedies, and an appeal can proceed in an orderly fashion so that all of the issues raised by the parties can be addressed in one proceeding by an appellate court.

21. This appeal is premature, and must be dismissed.

Jacalyn Nosek
By her attorney,

/s/ Philip M. Stone
Philip M. Stone, BBO # 544139
44 Front Street
Worcester, MA 01608
Tel. (508) 755-7354
Fax. (508) 752.3730
E-mail: pstonelaw@rcn.com

Dated: October 30, 2006

CERTIFICATE OF SERVICE

I, Philip M. Stone, do hereby certify on this day I electronically filed the foregoing pleading with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Robert Charlton, Esq.
Jeffrey K. Garfinkle, Esq.

*and all others receiving notice via the CM/ECF system*

I further certify that I have mailed this day by first-class mail, postage prepaid, a copy of the aforementioned pleading electronically filed with the Court on the following non-CM/ECF participants:

Jacalyn S. Nosek
60 Bolton Road
PO Box 1311
S. Lancaster, MA 01561

/s/ Philip M. Stone
Philip M. Stone

DATED: October 30, 2006