UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

Jacalyn S. Nosek
    Debtor

Chapter 13
Case No.: 02-46025-JBR

Jacalyn S. Nosek
    Plaintiff
v.
Ameriquest Mortgage Company
    Defendant

Adversary Proceeding No. 04-04517

**Opposition of Jacalyn S. Nosek to Ameriquest Mortgage Company's Amended Motion to Strike Portion of Jacalyn S. Nosek's Statement of Issues on Appeal**

Now comes Jacalyn S. Nosek and, in Opposition to *Ameriquest Mortgage Company's Amended Motion to Strike Portion of Jacalyn S. Nosek's Statement of Issues on Appeal*, says as follows:

1. This latest appeal filed by Ameriquest Mortgage Company is also premature. As has been stated in pleadings previously filed by Nosek, no Judgment has yet entered in the underlying Adversary Proceeding.

2. This Court's attention is directed to CA 06-40170-WGY, and pleadings filed therein, including Nosek's *Motion to Dismiss Appeal*, the *Memorandum in Support*, and her *Supplemental Memorandum in Support*, for a detailed discussion of these issues.

3. In an adversary proceeding the issuance and docketing of a single document captioned "Judgment", not an "Order", triggers the appeal period.

4. Some non-interlocutory matters heard by the U.S. Bankruptcy Court do in fact conclude with issuance of an Order. The most common example is a creditor's motion for relief from the automatic stay, which is immediately appealable. In fact, Massachusetts Local Bankruptcy Rules R. 4001-(a) requires that a Proposed Order be filed with the motion for relief.

5. **Bankruptcy Rule 9021 - Entry of Judgment** says:

   "Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules."

   **Rule 58. Entry of Judgment** says that:

   ".. upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, *the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court* (emphasis added).

   **Bankruptcy Rule 5003. Records Kept By the Clerk** says:

   (a) Bankruptcy dockets.
   The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made.

6. The language in the first sentence of Bankruptcy Rule 5003 refers to judgments and orders as being two separate types of documents.

7. No Judgment signed by the Clerk has been issued as of this date, nor does an entry of

    Judgment appear on the Docket.

8. In fact, Ameriquest had filed a Notice of Appeal in October, 2005, before the trial in the adversary proceeding began, when the U.S. Bankruptcy Court granted partial summary judgment to the Plaintiff on two counts on the issues of liability only. That appeal was dismissed by the Bankruptcy Court because it had been late filed, and would have been dismissed on other grounds even if it had been timely filed.

9. It is evident that Ameriquest wanted to avoid a repeat of that scenario, and jumped the starter's gun by filing *Notices of Appeal* too soon, not once, but twice.

10. Yet, Ameriquest characterizes the Debtor's insistence that the applicable Rules of Civil Procedure of the U.S. District Court and the Rules of the U.S. Bankruptcy Court for the District of Massachusetts determine the start of the appeals process as "gamesmanship".

11. Ameriquest's reliance on *In re Verges*, 1992 LEXIS 5542 (E.D.La. 1993) is misplaced. The dispute in *Verges* centered around two Orders issued by the Bankruptcy Court in the context of confirming a chapter 13 Plan; it did not involve an adversary proceeding.

12. Ameriquest now attempts to deny the prevailing Plaintiff an opportunity to participate in the appeals process by referring to "the June 30, 2006 Litigation Judgment" when in fact no Judgment exists. *Ameriquest Mortgage Company's Amended Motion to Strike Portion of Jacalyn S. Nosek's Statement of Issues on Appeal* (para. 12, page 7).

13. The Plaintiff has appealable issues which include (1) the denial of her motion to amend the Complaint to assert an additional cause of action, and (2) the larger question where she argues that the Bankruptcy Court's findings on Count V - the

breach of the covenant of good faith and fair dealing - also constitute a finding that Ameriquest violated M.G.L. c. 93A, thus entitling Ms. Nosek to an award of multiple damages of the $250,000.00 already awarded by the Bankruptcy Court, as well as the full amount of the attorneys fees.

14. Once the Bankruptcy Court issues a Judgment, all parties can exercise their post judgment remedies, and an appeal can proceed in an orderly fashion so that all of the issues raised by the parties can be addressed in one proceeding by an appellate court. WHEREFORE, Jacalyn S. Nosek requests that this appeal be dismissed as premature.

          Jacalyn Nosek
          By her attorney,

          /s/ Philip M. Stone
          Philip M. Stone, BBO # 544139
          44 Front Street
          Worcester, MA  01608
          Tel. (508) 755-7354
          Fax. (508) 752.3730
          E-mail: pstonelaw@rcn.com

Dated:    October 31, 2006

## CERTIFICATE OF SERVICE

      I, Philip M. Stone, do hereby certify on this day I electronically filed the foregoing pleading with the United States Bankruptcy District Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Robert Charlton, Esq.
Jeffrey K. Garfinkle, Esq.

      I further certify that I have mailed this day by first-class mail, postage prepaid, a copy of the aforementioned pleading electronically filed with the Court on the following non-CM/ECF participants:

Jacalyn S. Nosek
60 Bolton Road
PO Box 1311
S. Lancaster, MA 01561

                                            /s/ Philip M. Stone
                                            Philip M. Stone

DATED:      October 31, 2006